## GIRARD FIRE & MARINE INSURANCE COMPANY OF PHILADELPHIA *vs.* RAYMOND P. BANKARD.

*Service of Summons on Agent of Fire Insurance Company—Action on Policy of Insurance Under Practice Act—Motion to Strike Out Judgment by Default.*

The writ of summons in a suit against a fire insurance company may be served upon the local agent of the company in the county where the property insured was situated, under the express provision to that effect in Code, Art. 75, sec. 23.

When the property insured against fire was totally destroyed, the loss being greater than the amount of insurance, and the insured has furnished proof of loss and the time for payment as fixed by the policy has elapsed, an action on the policy may be brought under the Practice Act of 1890, ch. 136, relating to Carroll County, when the assured makes affidavit as to the amount of his claim.

A judgment by default for want of a plea was entered against an insurance company under the local Practice Act of 1890, ch. 136, the plaintiff filing with the declaration, the policy of fire insurance and affidavit. The writ of summons was served on the local agent of the company who neglected to notify the defendant. *Held,* that a motion to strike out the judgment, made after the lapse of the term, should be denied, since the Court had jurisdiction of the suit and the judgment was regularly entered, and there was no evidence of fraud, mistake or surprise.

*Decided March 31st, 1908.*

Appeal from the Circuit Court for Carroll County.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*George Whitelock* and *John B. Deming* (with whom was *David Fowler* on the brief), for the appellant.

*D. N. Henning*, for the appellee.

WORTHINGTON, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court for Carroll County brought to this Court for the purpose of reviewing the action of the lower Court in overruling a motion to strike out a judgment entered therein, against the appellant.

The action was brought in the first instance upon a policy of insurance issued by the appellant to the appellee, Raymond P. Bankard, to secure him against loss by fire to the extent of $1,200.

The policy was dated December 4th, 1906, and the fire occurred December 25th, 1906.

The property insured was "all machinery of every description used in connection with a laundry all while contained in a two and a half story frame building," then in process of erection.

On February 18th, 1907, Mr. Bankard made up his proof of loss, containing a list of the articles covered by the policy of insurance, with the value of the several articles as itemized set opposite the name of each item, and a statement to the effect that the property was *totally destroyed by fire*, that he was the sole owner thereof, that the cause of the fire was wholly unknown to him and that he had no other insurance thereon.

The aggregate value of the list of articles as shown by the sum of the several items thereof was $1,529.10.

This statement and proof of loss was subscribed and sworn to by Mr. Bankard and forwarded to the agent of the appellant at Baltimore. Accompanying the proof of loss and as part thereof, was also the statement of a Justice of the Peace of

Carroll County to the effect that his dwelling was nearest to the laundry containing the insured property which was burned, that he had investigated the circumstances attending the fire, that he was personally acquainted with Mr. Bankard, the appellee, whose character he declared to be good, that he believed the statement made by Mr. Bankard and sworn to before him, to be true, that the loss could not be imputed to fraud or misconduct on the assured's part, that the assured had suffered a loss by fire of $1,200; and that he himself was in no way interested in any claim under the policy.

The appellant acknowledged the receipt of the above mentioned "paper purporting to be proof of loss" on or about February 21st, 1907, but stated that the same was not satisfactory.

Subsequently on April 17th, 1907, an adjuster of fire losses employed by the appellant visited the scene of the fire and after a conference with the assured and his counsel, Mr. Henning, offered the assured $750 by a way of a compromise in settlement of the loss.    This offer the assured refused to accept.

After this there seems to have been nothing done on either side toward effecting a settlement, until June 28th, 1907, when the appellee brought suit in the Circuit Court for Carroll County, against the appellant under the Rule Day Act of 1890, ch. 136.

The summons and a copy of the *narr.* were served upon Charles E. Herring, the local agent of the company at Westminster with whom a copy of the writ was left.

Under Code (1904) Art. 75, sec. 23, this was a perfectly good summons, *Henderson* v. *Md. Home Ins. Co.*, 90 Md. 47, and equally as effective as if served upon the president or one of the directors of the corporation.

The return day for this writ of summons was Monday, July 1st, 1907, and no appearance for the defendant having been entered on that day, on the following day its personal appearance was entered by the Clerk in accordance with the provisions of the Rule Day Act.

On July 23rd, no plea having been filed by the defendant,

judgment by default was entered and on August 12th, 1907, that being the first day of the term next succeeding the Rule Day to which the defendant was returned summoned, the judgment by default was, upon proof before the Court, extended and made final in favor of the plaintiff against the defendant for the sum of $1,200 with interest from date and costs of suit.

No further steps seem to have been taken in the case until November 19th, 1907, when the defendant appeared for the first time by its counsel and moved to strike out the judgment by default and final judgment thereon, assigning several reasons why this should be done; these several reasons being, in substance, as follows:

1. Because the entry of the judgment was irregular and not in conformity with the law.

2. Because this was a suit on a policy of insurance and the Act of 1890, ch. 136, was inapplicable.

3. Because the claim was for unliquidated damages, and the policy on its face afforded no means for the ascertainment thereof.

4. Because no account or sufficient cause of action or affidavit was filed with the declaration.

The fifth, sixth, seventh and eight reasons assigned were purely matters of defense to the action and not grounds for setting the judgment aside, and they need not, therefore, be set out or further considered here.

The ninth and tenth reasons assigned, were that the local agent did not notify the company of the suit.

As the Code provides that a judgment rendered after compliance with Art. 75, sec. 23, shall have the same force and effect as other judgments would or could have, and as this section was, as we have seen, fully complied with, what has already been said upon the subject of the service of process, sufficieutly answers these two last mentioned reasons.

As to the first, second, third and fourth reasons assigned it seems only necessary to say that the declaration in the case sets forth the contract of insurance; the fact that the property

insured was all destroyed by fire; that the loss was greater than $1,200; that although the plaintiff had done all things necessary on his part to be ·done to entitle him to be paid his loss; and although the time had long passed since due notice, statement and proof of loss and demand for payment had been furnished and made; yet that the defendant refused to pay the plaintiff the said sum of $1,200 to which he was entitled; also that with the declaration was filed the affidavit of the plaintiff to the effect that the defendant, the Girard Fire Insurance Company, of Philadelphia, was justly indebted to the plaintiff on the contract of insurance thereto annexed, in the sum of twelve hundred dollars over and above all discounts; and that to the affidavit was annexed the policy of insurance sued on.

On their face the proceedings were all regular and in accordance with the provisions of the Rule Day Act above mentioned and the Court was therefore not without jurisdiction to enter the judgment which it did enter in the case.

The term at which the judgment was obtained ended on November 11th, 1907, so that the defendant's motion was not made until after the lapse of the term.

To support a motion to strike out a judgment after the lapse of the term at which it was. entered there must be the most clear and satisfactory proof of fraud, mistake or surprise. *Abell* v. *Simon*, 49 Md. 318.   None of these grounds were stated in the motion as reasons for striking out the judgment in this case, and none were made to appear in the affidavits filed in support thereof.

Of course if the Court were wholly without jurisdiction by reason of some radical omission or defect in the pleadings, or by reason of the Rule Day Act being inapplicable, the motion would be entertained on that ground, though filed after the lapse of the term, but, as we have seen, the proceedings were regular on their face and the Court sees no good reason to distinguish this case from that of the *Orient Mutual Insurance Co.* v. *Andrews*, 66 Md. 373, or from the two cases of the *Insurance Cos.* v. *Reynolds*, heard at the October term 1907, of this Court and reported in 107 Md. 96, 107.

If the company had a good ground of defence it is to be regretted that its local agent neglected to communicate the fact of the service of process upon him to the proper persons so that the defense could have been made, but we cannot allow this remissness of the agent to be made ground for striking out a judgment regularly entered, especially when the motion to strike out is made after the term at which the judgment was rendered, had fully passed.

The order of the lower Court overruling the motion to strike out the judgment will be affirmed.

*Order affirmed.*