## AMERICAN RAILWAY EXPRESS COMPANY *v.* ROYSTER GUANO COMPANY.

### CERTIORARI TO THE SPECIAL COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 116. Argued November 17, 18, 1925.—Decided February 21, 1927.

1. Judgment holding petitioner liable in Virginia for local debts of a corporation whose business it took over, upheld on authority of *American Ry. Express Co.* v. *Kentucky, ante* p. 269. P. 280.
2. A state statute constitutionally may require a foreign corporation to appoint a local agent and, in case of its default, may itself

designate an official, to receive service of process in actions to collect local debts of the corporation left unsettled when it withdrew from the State.   P. 280.

141 Va. 602, affirmed.

CERTIORARI (268 U. S. 687) to a judgment of the Special Court of Appeals of Virginia which affirmed a judgment recovered against the petitioner by the respondent, based on a judgment previously recovered against the Southern Express Company, whose express business and operating property the petitioner took over.

*Mr. Branch P. Kerfoot,* with whom *Mr. Charles W. Stockton* was on the brief, for petitioner.

The basis of fact upon which the Special Court of Appeals of Virginia rests its decision denying the asserted federal right has no support in the record.

The proof shows that the Southern Express Company did not sell its business nor did the petitioner undertake to carry on its business in Virginia or elsewhere, and that, independently of the stock of petitioner received by the Southern Express Company, it had approximately $1,000,000 in assets which were amply sufficient to meet all of its legal liabilities.   The court held that the law in Virginia in reference to the merger of the Southern Express Company and others into the petitioner as a consolidated company liable for the debts of the constituent companies had already been settled by the case of *American Ry. Exp. Co.* v. *Downing,* 132 Va. 139.

The capital stock becomes a trust fund only where the corporation is insolvent or in process of dissolution. *Hollins* v. *Brierfield Co.,* 150 U. S. 371; *Wabash Ry. Co.* v. *Ham,* 114 U. S. 587; *Fogg* v. *Blair,* 133 U. S. 534; *Pusey & Jones* v. *Hanssen,* 261 U. S. 491; *Graham* v. *LaCrosse R. R. Co.,* 102 U. S. 148; *McDonald* v. *Williams,* 174 U. S. 397.

To hold the petitioner liable for debts of the Southern Express Company, it would be necessary for the record

to show (1) that there was an actual consolidation or merger under which the Southern Express Company became extinguished and the petitioner either expressly or by necessary implication of law undertook to pay its debts or liabilities; or (2) that the Southern Express Company was insolvent and that the transfer of the property to the petitioner was a fraudulent conveyance without consideration to defeat the creditors of the Southern Express Company.

It is true that where stock given for the property has been distributed to the stockholders of the debtor corporation, and no other assets were found to meet its liabilities, the courts have held that creditors were not obliged to pursue their remedy against the individual stockholders, but might follow the property. But this comes back to the proposition that in every such case there was no *bona fide* sale or purchase, but a fraudulent transfer to distribute corporate assets among shareholders in fraud of creditors. In the case at bar payment in stock, instead of cash, for the property bought by petitioner did not in any way affect the rights or even the convenience of Virginia creditors. Neither the buyer nor the seller was a Virginia corporation and the contract was made in New York. If the petitioner had paid for the property in cash, there would have been no more assets in Virginia for the convenience of Virginia creditors than there were under the actual conditions of the sale. The Virginia court, therefore, did not have before it in the record, nor were there in existence, the facts necessary to support its decision, and it is the duty of this Court to review and correct the error. *Postal Tel. Co.* v. *Newport,* 247 U. S. 473; *Sou. Pac. Co.* v. *Schuyler,* 227 U. S. 611; *N. C. Ry. Co.* v. *Zachary,* 232 U. S. 248; *Carlson* v. *Curtis,* 234 U. S. 103; *Norfolk & W. R. Co.* v. *Conley,* 236 U. S. 605; *Interstate A. Co.* v. *Albert,* 239 U. S. 560.

The decision of the state court is not based upon principles of common law but is an attempt at judicial legislation under the police power of the State which can not be applied retroactively to affect vested rights. *Blake* v. *McClung,* 172 U. S. 239; *Crutcher* v. *Kentucky,* 141 U. S. 474.

If the rule announced would have been unconstitutional as a statute, it seems clear that this Court can review it if its effect is to deny petitioner the equal protection of the law and deprive it of property without due process of law. *Prudential Ins. Co.* v. *Cheek,* 259 U. S. 529.

The amendment of February 17, 1922, to § 237 of the Judicial Code, clearly indicates that a change in a rule of law established in a State by judicial decision may violate rights under the Federal Constitution. It is the duty of federal courts to determine for themselves questions of commercial law, general jurisprudence, and of rights under the Constitution of the United States. *Oates* v. *Bank,* 100 U. S. 246; *Swift* v. *Tyson,* 16 Pet. 1; *Guernsey* v. *Bank,* 188 Fed. 300; *Bank* v. *Liewer,* 187 Fed. 16; *Grt. Southern Hotel Co.* v. *Jones,* 193 U. S. 532; *Shaw* v. *R. R. Co.,* 173 Fed. 750; *Brewer-Elliott Oil Co.* v. *United States,* 270 Fed. 104. To make the decisions of the state court obligatory on the federal court, the right must have accrued after the rule was established. *Murray* v. *Wilson Dist. Co.,* 213 U. S. 157; *Grt. Southern Hotel Co.* v. *Jones, supra.*

The general rule of the common law is that a corporation which purchased all the property of another corporation is not *ipso facto* liable for the debts of the latter. *Postal Tel. Co.* v. *Newport, supra; Gray* v. *Nat. S. S. Co.,* 115 U. S. 116; *Fogg* v. *Blair,* 133 U. S. 534; *Koch* v. *Speedwell,* 140 Pac. 598; *Hageman* v. *Southern Ry. Co.,* 202 Mo. 249; *Swing* v. *Lumber Co.,* 105 Minn. 356; Cook, Corporations, 8th ed., vol. 3, § 673.

The judgment against the Southern Express Company is null and void. *Phil. & R. Co.* v. *McKibbin,* 243 U. S. 264; *Gray* v. *Stuart,* 74 Va. 351; *Haddock* v. *Haddock,* 201 U. S. 562; *Knapp* v. *Wallace,* 50 Ore. 348. The statute in question must be construed as affecting only such corporations as are still doing business within the State, since to construe it otherwise would be to extend the laws of Virginia beyond her borders. *St. Clair* v. *Cox,* 106 U. S. 350.

The petitioner was a *bona fide* purchaser for value, under circumstances which exclude any suggestion of fraud either actual or constructive, and was entitled to purchase the property it obtained from the Southern Express Company without regard to the latter's creditors. *Hollins* v. *Briarfield Coal Co.,* 150 U. S. 371; *McDonald* v. *Williams,* 174 U. S. 397.

*Mr. Cadwallader J. Collins* for the respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Following an agreement of June, 1918, by the Adams Express Company, American Express Company, Southern Express Company (a Georgia corporation) and Wells Fargo & Company, the principal concerns then engaged in express transportation throughout the Union, the American Railway Express Company was incorporated under the laws of Delaware and, by issuing its capital stock, acquired, July 1, 1918, all property of those carriers theretofore utilized in connection with such business. The Southern Express Company owned no other property located in Virginia. After this transfer it retired from the State; but in New York continued to hold valuable assets, including the stock of petitioner so received, and was solvent.

September 15, 1919, respondent sued the Southern Company in the Norfolk Circuit Court for the value of goods intrusted to it in 1917 for transportation from Richmond to Norfolk, Va., and lost.  Summons was executed by delivering a copy to the Chairman of the State Corporation Commission and transmitting another to the defendant by mail.  A special plea challenged the validity of the service upon the ground that the defendant had withdrawn from the State and was no longer a foreign corporation doing business there within the meaning of the Code provisions printed in the margin.*  This special plea was overruled; defendant failed to plead further, and judgment went by default May 15, 1920.

July, 1922, respondent here sued petitioner for the amount of the above-described judgment upon the theory

---

* Section 1294g, subsec. 2–3, Virginia Code 1904—

(2) Every such corporation, company, association, person or partnership shall, by a written power of attorney, appoint some person residing in this State its agent, upon whom may be served all lawful process against such corporation, company, association, person or partnership, and who shall be authorized to enter an appearance in its or his behalf.  A copy of such power of authority, duly certified and authenticated, shall be filed with the State Corporation Commission, and copies thereof, duly certified by the clerk of the said commission, shall be received as evidence in all courts of this State.

(3) If any such agent shall be removed, resign, die, become insane, or otherwise incapable of acting, it shall be the duty of such corporation, company, association, person, or partnership, to appoint another agent in his place, as prescribed by the preceding section.  And until such appointment is made, or during the absence of such agent of any such corporation, company, association, person or partnership, from the State, or if no such agent be appointed as prescribed by the preceding section, service of process may be upon the chairman of the State Corporation Commission, with like effect as upon the agent appointed by the company.  The officer serving such process upon the chairman of the State Corporation Commission shall immediately transmit a copy thereof, by mail, to such corporation, company, association, person, or partnership and state such fact in his return.

that under the narrated circumstances the latter became liable for outstanding obligations of the Southern. Company contracted in Virginia. After a full and fair hearing the trial court gave judgment therefor. The Special Court of Appeals affirmed this action. 141 Va. 602.

What we have said in *American Railway Express Co.* v. *Commonwealth of Kentucky, ante,* p. 269, is enough to dispose of all material points raised here except the claim that the judgment against the Southern Express Company was void because not based on proper service of process; and that is without merit. Evidently the statute might reasonably be construed as intended to designate an agent upon whom process should be served in suits growing out of transactions within the State where the corporation had failed so to do. The state court gave the statute that effect, and we are bound by the result. *Mutual Reserve Association* v. *Phelps,* 190 U. S. 147, 158; *Hunter* v. *Mutual Reserve Life Insurance Co.,* 218 U. S. 573.

The judgment of the court below must be

                                                      *Affirmed.*

Mr. Justice Sutherland and Mr. Justice Butler, dissent.