44 P.(2d) 719

SILVA v. CROMBIE & CO.

No. 4030.

Supreme Court of New Mexico.

May 1, 1935.

Lake J. Frazier, and G. L. Reese, Sr., both of Roswell, for appellant.

L. O. Fullen, of Roswell, for appellee.

ZINN, Justice.

Appellant, administrator of the estate of Seferino Archuleta, sued appellee, a foreign corporation, doing business in the state of New Mexico, for damages for death of appellant's intestate by wrongful act of appellee's employee.

The statutory agent of appellee having left the state, and no other person named to replace him, process was served upon the secretary of state of New Mexico, by delivering one copy of the summons and one copy of the complaint to the secretary of state. Appellee failed to answer within thirty days after service. A certificate of default was issued by the clerk of the district court, and judgment was rendered in favor of appellant.

About six months after judgment, appellee filed its motion to set aside and vacate the same, contending that the court had had no jurisdiction of the appellee, because there had been no valid service of summons on the appellee, who did not voluntarily appear, and

that the rendering and entering of the final judgments were without due process of law. It conclusively appears that the secretary of state did not mail a copy of the complaint and summons to the appellee as required by Comp. St. 1929, § 32-150.

The trial court, in ruling on appellee's motion to vacate the judgment, held that at the time of the rendering and entering of the judgments it had no jurisdiction of the appellee corporation, because there had been no valid service of summons on appellee, who did not voluntarily appear; that no process or notice of the pendency of said suit was ever legally served on appellee; that the rendering and entering of judgments were without due process of law, and the same were set aside and vacated. From this order appellant prosecutes this appeal.

The decisive question in this case is whether the appellee corporation had such notice of the suit, and was so far subject to the jurisdiction and laws of New Mexico, that it was bound to appear, or take the consequences of nonappearance.

Comp. St. 1929, § 32-150, provides for service upon the secretary of state, when the statutory agent of any foreign corporation, who has been designated as the agent upon whom process may be served, dies, resigns, or removes from the state, and cannot be found. This statute also provides that such service is effective to all intents and purposes as if made upon the president or head officers of the corporation. There is an additional proviso therein to the effect that the secretary of state shall within two days after such

service notify such corporation by registered letter directed to such corporation at its registered office, in which letter there shall be inclosed the process or other paper served.

Appellant contends that when the secretary of state is properly served, such service is sufficient.

Appellee contends that such service was not completed, and not effective, unless the secretary of state notified appellee of such service as provided by section 32-150.

With this contention of appellee we do not agree. The particular terms of our statute we deem decisive of the question. The service upon the secretary of state was effective to all intents and purposes as if made upon the president or head officers of the corporation. If the Legislature had desired to make the service effective only when the secretary of state had notified such corporation, it could have so stated in plain language. Such language is discernible in the case of insurance companies. Comp. St. 1929, § 71-114. The neglect of the secretary of state is not chargeable to the appellant. The Legislature chose its terms with discrimination, and made it plain that the service of process on the secretary of state is the effective service, not the notice by the secretary of state to the foreign corporation that renders it effective.

A foreign corporation can transact business in New Mexico only with the consent, express or implied, of this state. Bank of Augusta v. Joseph B. Earle, 13 Pet. 519, 10 L. Ed. 274. This consent may be accompanied by such conditions as New Mexico may think fit to impose, provided they are not repugnant to the Constitution or Laws of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each state from encroachment by all others, or that principle of natural justice which forbids condemnation without opportunity for defense. The Lafayette Insurance Co. v. French, 18 How. (59 U. S.) 404, 15 L. Ed. 451.

One of the conditions imposed by New Mexico upon every foreign corporation, before it is permitted to transact any business in this state, is to designate " * * * its principal office in this state and its agent who shall be a domestic corporation or a natural person of full age actually resident in this state, together with his place of abode, upon which agent process against said corporation may be served and the agency so designated shall continue until the substitution by writing, of another agent. * * *" Comp. St. 1929, § 32-206.

Process can be served on a foreign corporation by making service thereof on its officers, directors, or agents. Section 32-196. For the purpose of receiving such service, and being bound by it, the corporation is identified with such agent or officer. The corporate power to receive and act on such service, so far as to make it known to the corporation, is thus vested in such officer or agent. When the agent of this corporation " * * * upon whom process against the corporation may be served shall die, or shall resign, or shall remove from the state, or such agent cannot with due diligence be found, it shall

be lawful, while such default continues, to serve process against any such corporation upon the secretary of state, and such service shall be as effective to all intents and purposes as if made upon the president or head officers of such corporation. * * *" Section 32-150, supra.

The secretary of state acts for and on behalf of the corporation, as effectually as if he were designated in the charter as the officer on whom process was to be served; or, as if he had received from the president and directors a power of attorney to that effect. Notice to him was notice to the corporation, and for whom, by statute. he was empowered to take notice.

■ We find nothing in these provisions either unreasonable in themselves, or in conflict with any principle of public law. It cannot be deemed unreasonable that the state of New Mexico should endeavor to secure to its citizens a remedy, in their domestic forum, against foreign corporations who come into the state.

Appellee strongly urges upon us the theory that service on the secretary of state, without notice to the corporation, is not sufficient, confers no jurisdiction, and any judgment rendered upon such service is void; such service not being due process.

It appears to us that this question has been settled by the United States Supreme Court, in the case of State of Washington ex rel. Bond & Goodwin & Tucker, Inc., v. Superior Court of State of Washington for Spokane County et al., 289 U. S. 361, 53 S. Ct. 624, 626, 77 L. Ed. 1256, 89 A. L. R. 653.

As said by the annotator in 89 A. L. R. 664: "The question of the constitutionality of statutes providing for service upon foreign corporations through statutory agents, where no provision is made in the statute for communication of notice to the corporation, would seem to have been finally set at rest by the decision in the reported case (State [of Washington] ex rel. Bond & Goodwin & Tucker v. Superior Ct. [289 U. S. 361, 53 S. Ct. 624, 77 L. Ed. 1256, 89 A. L. R.] 653), holding constitutional a statute which provided that, if a foreign corporation should withdraw from the state and cease to transact business therein, it should continue to maintain an agent within the state upon whom service of process might be made until the Statute of Limitations should have run against prior causes of action accruing against the corporation, and that, in case the corporation should revoke the authority of such agent after withdrawal from the state and prior to the time that the Statute of Limitations would have run, then service of process might be made upon the secretary of state, despite the fact that it contained no provision requiring the secretary of state to notify the foreign corporation of the pendency of the action. This result is reached upon the ground that it was incumbent upon the foreign corporation, on its withdrawal from the state, to appoint an agent upon whom process might be served, and that if it failed to comply with the terms of the statute in this regard, it could not complain that the service provided for in lieu of the appointment of an agent was insufficient·to give it notice."

We are bound to follow the decisions of the United States Supreme Court interpreting federal constitutional questions.

In the case of Washington ex rel. Bond & G. & T. v. Superior Court, supra, the court said:

"The state need not have admitted the corporation to do business within its borders. Bank of Augusta v. Earle, 13 Pet. 519, 10 L. Ed. 274; Lafayette Ins. Co. v. French, 18 How. 404, 407, 15 L. Ed. 451, 452. Admission might be conditioned upon the requirement of substituted service upon a person to be designated either by the corporation, St. Clair v. Cox, 106 U. S. 350, 356, 1 S. Ct. 354, 27 L. Ed. 222 [225], or by the state itself, Mutual Reserve Fund Life Asso. v. Phelps, 190 U. S. 147, 158, 23 S. Ct. 707, 47 L. Ed. 987 [994], or might, as here, be upon the terms that if the corporation had failed to appoint or maintain an agent, service should be made upon a state officer. American R. Exp. Co. v. F. S. Royster Guano Co., 273 U. S. 274, 280, 47 S. Ct. 355, 71 L. Ed. 642 [643]. The provision that the liability thus to be served should continue after withdrawal from the state afforded a lawful and constitutional protection of persons who had there transacted business with the appellant American R. Exp. Co. v. Kentucky, 273 U. S. 269, 274, 47 S. Ct. 353, 71 L. Ed. 639 [642].

"It has repeatedly been said that qualification of a foreign corporation in accordance with the statutes permitting its entry into the state constitutes an assent on its part to all the reasonable conditions imposed. Lafayette Ins. Co. v. French, supra, 18 How. [404] 408, 15 L. Ed. 451 [453]; St. Clair v. Cox, supra, 106 U. S. [350] 356, 1 S. Ct. 354 [27 L. Ed. 225]; Connecticut Mut. L. Ins. Co. v. Spratley, 172 U. S. 602, 614, 19 S. Ct. 308, 43 L. Ed. 569 [573]; Old Wayne Mut. Life Asso. v. McDonough, 204 U. S. 8, 22, 27 S. Ct. 236, 51 L. Ed. 345 [351]; Commercial Mut. Acci. Co. v. Davis, 213 U. S. 245, 254, 29 S. Ct. 445, 53 L. Ed. 782 [786]."

Appellee's entry into New Mexico to do business was not conditioned upon surrender of constitutional rights. New Mexico did not exact arbitrary and unreasonable terms as the price of admission. It goes no further than to require that the corporation may be made to answer just claims asserted against it according to law. By appointing a new agent when the existing agent left the state or absented himself, the appellee could have assured itself of notice of any action. The statute informed the company that if it did not have a resident agent the secretary of state would, by law, become its agent for the purpose of service.

While the statute requires the secretary of state to forward a copy of the summons or other papers served to the company sued, by registered letter directed to it at its registered office, we do not think these acts are essential to jurisdiction. Nor do we believe that the Legislature contemplated that the sheriff, acting for appellant, or any other person lawfully qualified to make service of summons, was required to wait upon the secretary of state for a maximum period of two days after service to insure performance of the duties of the secretary of state in the mat-

ter of mailing notice. The forwarding of a copy of the summons or other papers served to the company in another state gives no aid to the jurisdiction of the court over the person. The secretary of state is directed to forward these papers in order that they may have notice of the fact that a suit has been commenced against the company by service of process upon him as the designated agent of the company upon whom service is authorized by the company. This is a duty which the secretary of state owes to the company, not appellant.

For the reasons given, the cause will be remanded, with directions to the district court to set aside its order vacating the judgments theretofore entered and to reinstate said judgments.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and WATSON, JJ., concur.