The **UNITED STATES** of America ex rel. Herbert S. SIEGAL, Esq., Petitioner, for and on behalf of Gerald Hartley, for a Writ of Habeas Corpus, etc.,

v.

Harold W. FOLLETTE, As Warden of Greenhaven State Prison, County of Dutchess, State of New York et al., Respondents.

The **UNITED STATES** of America ex rel. Herbert S. SIEGAL, Esq., Petitioner, for and on behalf of Harold Munger, for a Writ of Habeas Corpus, etc.,

v.

Daniel McMANN, As Warden of Clinton State Prison, Dannemora, County of Clinton, Staet of New York et al., Respondents.

Nos. 68–Civ. 3060, 68–Civ. 3059.

United States District Court
S. D. New York.

Sept. 6, 1968.

Michael H. Rauch, Asst. Atty. Gen. of State of New York, New York City, for respondents.

Herbert S. Siegal, New York City, for petitioners Harold Munger and Gerald Hartley.

## MEMORANDUM

CROAKE, District Judge.

Gerald Hartley and Harold Munger have filed separate petitions for writs of habeas corpus, seeking their release from state prison pending appeal of their convictions to the New York Court of Appeals. They claim that a judge of that court unconstitutionally denied them bail on appeal.

Petitioners were tried together in Supreme Court, Bronx County, and sentenced on March 5, 1968; they appealed to the Appellate Division. After their case had been submitted, petitioners moved in Supreme Court for bail. Their motion was denied for the following reason.

> The substantial portion of that period necessary to perfect the appeal has elapsed and defendants' delay in making this application, in effect, has been a waiver of the substantial benefits obtained upon the granting of this application. * * * (N)o useful purpose would be achieved by admitting defendants to bail, even in substantial amount while determination of the merits of the appeal is sub judice.[1]

Six days later, on June 4, the convictions were affirmed. On June 25, the chief judge of the New York Court of Appeals granted petitioners' motion for leave to

---

1. As quoted in petitions.

appeal. Petitioners allege that they made an oral application for bail and that the chief judge denied the motion solely in reliance on the Supreme Court's earlier denial of bail.

■ Petitioners discuss the procedural aspects of their application to the chief judge at great length. A defendant in a New York criminal action can appeal to the Court of Appeals only with permission.[2] The judge or justice who grants permission must certify that "a question of law is involved which ought to be reviewed by the court of appeals."[3] A separate paper, a certificate of reasonable doubt, must be filed with the notice of appeal to stay execution of the judgment; the judge or justice issuing this certificate must certify that "there is reasonable doubt whether the judgment should stand."[4] With certain exceptions not applicable here, a defendant may be released on bail pending appeal, but only if execution of the judgment has been stayed.[5] A denial of bail is not reviewable.[6]

■■ The argument that the order of the chief judge granting leave to appeal constitutes a certificate of reasonable doubt is not accepted. The two are procedurally distinct.[7] Moreover, the fact that "a question of law is involved which ought to be reviewed by the court of appeals" does not necessarily imply that "there is reasonable doubt whether the judgment should stand."[8]

Since a certificate of reasonable doubt was not granted, even in the guise of leave to appeal, we must determine whether one was properly sought or whether one was sought (either in conformity with procedural requirements or with waiver of them) and denied. In spite of the length of the petitions and accompanying memoranda, this court is unable to definitely resolve this factual question. The petitions will therefore be discussed under both possibilities.

If in fact petitioners did not apply for certificates of reasonable doubt, then they have not exhausted available state remedies for release pending appeal and their petitions would be denied.[9]

If petitioners did properly apply for certificates of reasonable doubt or did so informally and the district attorney waived the procedural formalities, then we must ask if the alleged denial of the certificate or of bail itself was unconstitutional. Since the certificate is a condition precedent to entertaining a motion for bail, denial of a motion for it may be treated as a denial of bail.

■■ The United States Constitution protects against both the denial of bail and the setting of excessive bail.[10] Although the Supreme Court has not spoken on the applicability of the bail clause of the Eighth Amendment to the states through the Fourteenth Amendment, the weight of authority and reason favors such application.[11] A man's physical freedom is precious and should

2. N.Y.Code of Crim.Proc. § 520(1) (McKinney Supp.1967).

3. Id.

4. N.Y.Code of Crim.Proc. § 528 (McKinney 1958).

5. N.Y.Code of Crim.Proc. § 555 (McKinney 1958).

6. People ex rel. Epton v. Nenna, 25 A.D. 2d 518, 267 N.Y.S.2d 267 (1966).

7. N.Y.Code of Crim.Proc. §§ 520, 521, 528, 529 (McKinney 1958 and 1967 Supp.).

8. N.Y.Code of Crim.Proc. §§ 520(1) and 528 (McKinney 1958 and 1967 Supp.).

A judge may grant permission to appeal because of the importance of the question of law involved or because of conflicting decisions in the Appellate Division and still believe that the case raising the question should be affirmed.

9. 28 U.S.C. § 2254(b).

10. "Excessive bail shall not be required * * *." U.S.Const. Amend. VIII.

11. Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. den., 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); Pilkinton v. Circuit Court of Howell County, Mo., 324 F.2d 45 (8th Cir. 1963); Wansley v. Wilkerson, 263 F. Supp. 54 (W.D.Va.1967).

not be taken away prior to conviction unless confinement is necessary to insure his appearance at trial.[12] The right to bail, no less than, for example, the right to a speedy trial and the right not to suffer an excessive sentence, is a fundamental right which the states must protect and respect to the extent protected by the Eighth Amendment.[13]

The Eighth Amendment does not give an absolute right to bail. Prior to conviction, bail may be denied if there is reason to believe that the defendant will not appear.[14] The constitutional right to bail is lost after conviction. Since there is no constitutional right to appeal,[15] there is no constitutional right to be free pending appeal.[16] It should be noted, however, that there is a traditional right to bail pending appeal which Congress and most states have codified.[17]

Since petitioners in this case have been convicted, they have no right to bail under the Eighth Amendment applied to New York through the Fourteenth Amendment. Accordingly they have no right to federal habeas corpus on this ground.[18]

Petitioners claim, however, that bail was provided by New York and that it was arbitrarily denied them. When a right is given by a state legislature, even though it is not a right protected by the federal constitution, the arbitrary denial of that right violates the Fourteenth Amendment.[19] The petitioners do not, however, satisfy their burden of presenting facts to support a finding of arbitrary denial of bail.[20] They do not claim that they were denied an opportunity to be heard, that the judge was biased, or that he wilfully misapplied the New York standards for exercising discretion over bail. Their claim of an arbitrary denial rests on the allegation that the chief judge erroneously relied on a lower court decision in exercising his discretion. Error by a state judge is not a violation of due process or equal protection.[21] The petitions must therefore be denied on the theory of a Fourteenth Amendment violation.[22]

Since petitioners have either failed to exhaust state remedies or, if they did

12. See Bandy v. United States, 81 S.Ct. 197, 5 L.Ed.2d 218 (1960).

13. Cf. Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

14. Mastrian, supra, n. 11; Dameron v. Harson, 255 F.Supp. 533, 536–537 (W. D.La.1966), aff'd per cur., 364 F.2d 991 (5th Cir. 1966); Corbett v. Patterson, 272 F.Supp. 602 (D.Colo.1967). See Pilkinton, supra n. 11.

15. Griffin v. People of the State of Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956); McKane v. Durston, 153 U.S. 684, 687–688, 14 S.Ct. 913, 38 L.Ed. 867 (1894).

16. United States v. Motlow, 10 F.2d 657 (1926); United States ex rel. Klein v. Deegan, 290 F.Supp. 66 (S.D.N.Y. Jul. 16, 1968); Iles v. Ellis, 264 F.Supp. 185 (S.D.Ind.1967) (dictum); United States ex rel. Mendez v. Fish, 259 F. Supp. 146 (S.D.N.Y.1965) (dictum); United States v. Fiala, 102 F.Supp. 899 (D.Or.1951) (dictum).

17. 18 U.S.C. § 3148; Fed.R.Crim.Proc. 46(a) (2); N.Y.Code of Crim.Proc. § 555 (McKinney 1958).

18. 28 U.S.C. 2254(a).

19. American Ry. Express v. Kentucky, 273 U.S. 269, 273, 47 S.Ct. 355, 71 L.Ed. 642 (1927); Rudder v. United States, 96 U.S.App.D.C. 329, 226 F.2d 51 (1955); Randolph v. Willis, 220 F.Supp. 355 (S.D.Cal.1963).

20. Johnson v. Zerbst, 304 U.S. 458, 469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937); United States ex rel. Weiss v. Fay, 232 F.Supp. 912, 914 (S.D.N.Y.1964).

21. Beck v. Washington, 369 U.S. 541–555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1961); American Ry. Express v. Kentucky, supra n. 18, at 273, 47 S.Ct. 355; Hughes v. Heinze, 268 F.2d 864, 869–870 (8th Cir. 1959); United States ex rel. Scarnato v. La Vallee, 206 F.Supp. 365, 367 (N.D.N.Y.1962), modified on other grounds, U. S. ex rel. Scarnato v. Fay, 347 F.2d 424 (2d Cir. 1965).

22. 28 U.S.C. § 2254(a).

exhaust them, have not stated facts to raise a constitutional issue under the Eighth and the Fourteenth Amendments or the Fourteenth Amendment alone, their petitions for writs of habeas corpus must be denied.

So ordered.