## BARRIE-PETER PAN SCHOOLS, INC. *v.* CUDMORE, Infant etc. ET AL.

[No. 349, September Term, 1970.]

*Decided April 12, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*James F. Fitzgerald* for appellant.

*E. Richard McIntyre* for appellees.

SMITH, J., delivered the opinion of the Court.

When the Sheriff of Montgomery County twice returned *non est* summons for appellant Barrie-Peter Pan Schools, Inc., which he had been directed to serve upon Frances Seldin, its resident agent, appellees requested the appointment pursuant to Maryland Rule 116 of a private person to serve process. The Montgomery County sheriff filed a third return of *non est* and the private person filed a return reflecting "[t]hat he made five separate attempts to effect service on said resident agent but was unable to contact her." Appellees then directed ser-

vice pursuant to Code (1969 Repl. Vol.) Art. 75, § 75B and Rule 106 e upon the State Department of Assessments and Taxation (the Department). The Department pursuant to the mandate of § 75B (b) forwarded a copy of the declaration and summons to the corporation at its correct address in care of "Mr. Francis Seldin" by certified mail on May 28, 1969, which was returned to the Department by the post office marked "unclaimed", thus producing this litigation. Judgments by default totaling $23,400.00 were entered against appellant on May 11, 1970. Attachments were issued on June 18, 1970, one of which reached a bank account of appellant where there was on deposit more than the amount of the judgments. This brought motions on behalf of appellant to vacate and set aside the judgments, to arrest execution on the attachment, and to quash the attachment. We shall affirm the denial of those motions.

It is conceded that appellant is a Maryland corporation and Mrs. Seldin is in fact its resident agent. As a matter of fact, in its brief appellant says that she lives on the premises at the address designated as the principal office of the corporation. Appellant contends the judgment thus obtained is void because the corporation was "without actual notice of suit", relying upon *Harvey v. Slacum,* 181 Md. 206, 29 A. 2d 276 (1942), and *Little v. Miller,* 220 Md. 309, 153 A. 2d 271 (1959).

The statute in question provides in pertinent part:

"(a) Except to the extent otherwise specifically provided by a statute of this State —
* * *

"(2) If any corporation of this State * * * (2) has one or more resident agents and an unsuccessful attempt has been made to serve process on such corporation in the manner provided by the Maryland Rules of Procedure, such corporation *shall be conclusively presumed* to have designated the Department as its true and lawful attorney authorized to accept on its behalf

service of process in the action in which such process issued, and in such case such process may be served upon the Department as the true and lawful attorney of such corporation.

"(b) When service of process upon any corporation of this State * * * is lawfully made by leaving copies of the process in the office of the Department, it shall be the duty of the Department forthwith to record the day and hour of such service and to forward by registered or certified mail, return receipt requested, one copy of the process with a notice of such service, addressed to such corporation at its mailing address, if it has a mailing address on file with the Department * * *." (Emphasis added.)

Rule 106 e 1 provides in pertinent part:

"If a corporation required (by statute of this State) to have a resident agent * * * has one or more resident agents, and unsuccessful attempts have been made on different business days to serve process either twice upon one resident agent or once upon each of two resident agents, process may be served upon the State Department of Assessments and Taxation as the attorney of such corporation."

Code (1966 Repl. Vol.) Art. 23, § 8 requires every corporation of this state to have "at least one resident agent who shall be either a citizen of this State, actually residing herein, or a corporation of this State."

Appellant cites the language in *Harvey* where it was said:

"It is an elementary principle that no valid proceeding can be had against a person until he has been notified of the proceeding by proper summons, unless he voluntarily waives such constitutional right." 181 Md. at 210.

It takes comfort from the fact that this language was quoted by Chief Judge Brune for the Court in *Little*, 220 Md. at 315. In *Harvey* a judgment was obtained in a personal injury action in the Baltimore City Court. Some months later the defendants moved that the judgment be stricken, claiming that they had never been summoned to appear in the case. The deputy sheriff was not certain whether he had notified the defendant William J. Slacum or his son, Clyde Slacum, and could not "say positive" as to whether he had served a copy of the declaration upon Mrs. Slacum, finally admitting that he did not say anything at all to her about why he had come to the house. In *Little* a judgment was entered in the Superior Court of Baltimore City against Little, a resident of Anne Arundel County. He claimed he was not personally served with process in the case and that the sheriff's return showing him to have been summoned was false. Little was the only witness who testified at the hearing on the motion. The suit was filed on March 4, 1952, and he was returned summoned on March 8, 1952. He produced a discharge certificate issued by the United States Coast Guard at Baltimore showing that he had been a member of the crew of a ship which had departed from Baltimore on March 6, 1952, and returned to that port on March 17, 1952. This Court held that the motion to vacate should have been granted. Both of those cases differ from the one at bar.

We have not been cited nor have we located a case precisely on the point here involved. Close to our case is *Silva v. Crombie & Co.*, 39 N. M. 240, 44 P. 2d 719 (1935), which concerned suit against a foreign corporation doing business in New Mexico. The statutory agent left the state and no other person had been named to replace him. Process was served upon the Secretary of State of New Mexico. The defendant failed to answer. Judgment by default was entered. Six months later the defendant filed a motion to set aside and vacate the judgment, contending that the court had obtained no jurisdiction over it because there had been no valid service of summons on

it, that it did not voluntarily appear, that the rendering and entering of final judgment was without due process of law, and that the Secretary of State did not mail a copy of the complaint and summons to the defendant as required by the New Mexico statute. The New Mexico court said in part:

"The decisive question in this case is whether the appellee corporation had such notice of the suit, and was so far subject to the jurisdiction and laws of New Mexico, that it was bound to appear, or take the consequences of nonappearance.

"Comp. St. 1929, § 32-150, provides for service upon the secretary of state, when the statutory agent of any foreign corporation, who has been designated as the agent upon whom process may be served, dies, resigns, or removes from the state, and cannot be found. This statute also provides that such service is effective to all intents and purposes as if made upon the president or head officers of the corporation. There is an additional proviso therein to the effect that the secretary of state shall within two days after such service notify such corporation by registered letter directed to such corporation at its registered office, in which letter there shall be inclosed the process or other paper served.

"Appellant contends that when the secretary of state is properly served, such service is sufficient.

"Appellee contends that such service was not completed, and not effective, unless the secretary of state notified appellee of such service as provided by section 32-150.

"With this contention of appellee we do not agree. The particular terms of our statute we deem decisive of the question. The service upon the secretary of state was effective to all intents

and purposes as if made upon the president or head officers of the corporation. If the Legislature had desired to make the service effective only when the secretary of state had notified such corporation, it could have so stated in plain language. Such language is discernible in the case of insurance companies. Comp. St. 1929, § 71-114. The neglect of the secretary of state is not chargeable to the appellant. The Legislature chose its terms with discrimination, and made it plain that the service of process on the secretary of state is the effective service, not the notice by the secretary of state to the foreign corporation that renders it effective." *Id.* at 241-42.

\* \* \*

"The secretary of state acts for and on behalf of the corporation, as effectually as if he were designated in the charter as the officer on whom process was to be served; or, as if he had received from the president and directors a power of attorney to that effect. Notice to him was notice to the corporation, and for whom, by statute, he was empowered to take notice." *Id.* at 243.

It then stated that the matter appeared to have been settled by the Supreme Court of the United States in *Washington v. Superior Court,* 289 U. S. 361, 53 S. Ct. 624, 77 L. Ed. 1256, 89 A.L.R. 653 (1933), quoting from that opinion:

" 'The state need not have admitted the corporation to do business within its borders. Bank of Augusta v. Earle, 13 Pet. 519, 10 L. Ed. 274; Lafayette Ins. Co. v. French, 18 How. 404, 407, 15 L. Ed. 451, 452. Admission might be conditioned upon the requirement of substituted service upon a person to be designated either by the corporation, St. Clair v. Cox, 106 U. S. 350,

356, 1 S. Ct. 354, 27 L. Ed. 222 [225] or by the state itself, Mutual Reserve Fund Life Asso. v. Phelps, 190 U. S. 147, 158, 23 S. Ct. 707, 47 L. Ed. 987 [994], or might, as here, be upon the terms that if the corporation had failed to appoint or maintain an agent, service should be made upon a state officer. American R. Exp. Co. v. F. S. Royster Guano Co., 273 U. S. 274, 280, 47 S. Ct. 355, 71 L. Ed. 642 [643]. The provision that the liability thus to be served should continue after withdrawal from the state afforded a lawful and constitutional protection of persons who had there transacted business with the appellant. American R. Exp. Co. v. Kentucky, 273 U. S. 269, 274, 47 S. Ct. 353, 71 L. Ed. 639 [642].

" 'It has repeatedly been said that qualification of a foreign corporation in accordance with the statutes permitting its entry into the state constitutes an assent on its part to all the reasonable conditions imposed. Lafayette Ins. Co. v. French, supra, 18 How. [404] 408, 15 L. Ed. 451 [453]; St. Clair v. Cox, supra, 106 U. S. [350] 356, 1 S. Ct. 354 [27 L. Ed. 225]; Connecticut Mut. L. Ins. Co. v. Spratley, 172 U. S. 602, 614, 19 S. Ct. 308, 43 L. Ed. 569 [573]; Old Wayne Mut. Life Asso. v. McDonough, 204 U. S. 8, 22, 27 S. Ct. 236, 51 L. Ed. 345 [351]; Commercial Mut. Acci. Co. v. Davis, 213 U. S. 245, 254, 29 S. Ct. 445, 53 L. Ed. 782 [786].' " *Id.* at 244.

The New Mexico court further commented:

"While the statute requires the secretary of state to forward a copy of the summons or other papers served to the company sued, by registered letter directed to it at its registered office, we do not think these acts are essential to jurisdiction." *Id.* at 244.

In *Washington* a Delaware corporation qualified in 1926 to do business in the State of Washington. A resident agent for the acceptance of service of process was appointed. In 1929 the company withdrew from the state, ceased to transact business there, and filed formal notice of withdrawal. It was dissolved in accordance with the laws of Delaware, but the appointment of its statutory agent was never revoked. In 1929 he moved to California. In 1932 a civil action was begun in the State of Washington naming as one of the defendants this Delaware corporation with instructions to the sheriff to serve the summons and the complaint upon the Secretary of State. This was done. As Mr. Justice Roberts put it:

> "Neither the summons and complaint nor any copy of them, nor any notice touching the same, were forwarded to [the corporation] by the Secretary of State or any one else. No other form of service was made." *Id.* at 362.

The Court said:

> "The statute informed the company that if it elected not to appoint a successor to Shaw the Secretary of State would by law become its agent for the purpose of service. The burden lay upon the appellant to make such arrangement for notice as was thought desirable. There is no denial of due process in the omission to require the corporation's agent to give it such notice." *Id.* at 365.

Of interest are Annot., 20 A.L.R.2d 1179 (1951), entitled "Setting aside default judgment for failure of statutory agent on whom process was served to notify defendant", and Annot., 95 A.L.R.2d 1033 (1964), "Statutory service on nonresident motorists: return receipts", in which *Assurance Corporation v. Perkins,* 169 Md. 269, 181 A. 436 (1935), is cited at 1050. In that case, notice had been given pursuant to Chapter 70 of the Acts of 1931 (Code (1924) Art. 56, § 190A). The modern day

version of this statute is found in Code (1970 Repl. Vol.) Art. 66½, § 9-301. Although the case was reversed on the basis of the breach of contract by the lack of co-operation of the assured with his insurance company, the Court said:

> "The notices which are prescribed by the statute are as indubitably shown to have been delivered to the defendant, and the trial court to have been advised of that notification by the return receipt, as if the registered mail had been directly handed to the defendant by the postman, and the defendant had thereupon signed the return receipt. The plaintiffs or their attorney made and filed in the actions the affidavits that the statute had been complied with, and the proceedings of record affirmed that the defendant had been regularly summoned, and was under rule to plead. He neither appeared specially to move to quash the process nor to plead in abatement of the actions, so that, for his default in pleading that the return receipt was not his receipt nor signed by his authorization, a judgment was entered and extended against the defendant. So, clearly, he must be held to have authorized his wife's acts in receiving the mail for him and signing the return receipt in his behalf." *Id.* at 282.

Restatement, *Conflict of Laws* § 75 (1934), states:

> "A state cannot exercise through its courts judicial jurisdiction over a person, although he is subject to the jurisdiction of the state, unless a method of notification is employed which is reasonably calculated to give him knowledge of the attempted exercise of jurisdiction and an opportunity to be heard."

Comment c says:

> "It is not necessary that the person against

whom the judgment is rendered should have received knowledge of the action in which the judgment is rendered. It is sufficient that steps were taken which under all the circumstances were reasonably calculated to give him knowledge of the action and an opportunity to be heard."

The illustration is then given:

"A brings an action against B in a court of state X. B is domiciled in X but is temporarily absent from the state. In accordance with a statute, B is served with process by leaving a summons at his usual place of abode in X, with an adult member of his family. B does not receive the summons and has no knowledge of its existence. The court has jurisdiction over B."

Comment b of § 87 of the Restatement, *Conflict of Laws* relative to service upon domestic corporations speaks in terms of the requirement that "the method [be] one reasonably calculated to give the corporation knowledge of the action and an opportunity to be heard" and refers to § 75. It then gives as one illustration:

"A statute of state X provides that if an officer or agent of a domestic corporation cannot be found within the state, service of process may be made upon the corporation by publication in a newspaper, or by handing a summons to an officer or principal agent of the corporation outside the state, or by handing a summons to a public official whose duty it is made to mail it to an officer of the corporation. These methods of service are sufficient to confer upon a court of X jurisdiction over the domestic corporation."

Restatement, *Judgments* § 27 (1942), relative to service of process on domestic corporations states in Comment b *Method of Service of Process*:

"At common law the method of service of pro-

cess upon a corporation was by serving its principal officer. Other methods of service, however, may be provided for by statute or otherwise. A method is sufficient if it is reasonably calculated to give notice of the action to the corporation and an opportunity to be heard. Service upon a responsible officer or agent, either within or outside the State, or service by mail, is sufficient. * * * Service upon a public official is insufficient unless he is charged with a duty to take steps to notify the corporation of the action or some other additional method of notification is provided for; but if the corporation has failed to designate an agent to accept service of process, service upon a public official may be sufficient if no better method of service is available."

We find interesting two earlier Maryland cases, not cited by either side, which seem to be in line with the authorities we have mentioned. In *Boyd v. C. & O. Canal Co.*, 17 Md. 195 (1861), Boyd had recovered a judgment against one William Brown in the Circuit Court for Washington County. He directed the issuance of an attachment upon that judgment. It was laid in the hands of the corporation by service upon two of its directors in accordance with the then existing Maryland law. The corporation failed to appear as garnishee. A judgment of condemnation was entered for the whole amount of the judgment upon which the attachment was issued. The writ of *fieri facias* was issued upon the judgment of condemnation then entered. The sheriff proceeded to levy upon certain of the property of the canal company. It then instituted a proceeding to restrain this action on the part of the sheriff, contending that "in the matter of the attachment and judgment of condemnation the complainant ha[d] been taken greatly by surprise, having had no knowledge of the same until execution was issued and levied", stating that "it ha[d] no knowledge that the attachment was made known to any of the directors or other officers of the company". Our predecessors said:

"In *U. S. Ins. Co. v. Shriver,* 3 Md. Ch. 381, [388 (1851),] the chancellor correctly lays down the doctrine, that 'if notice is given to a director officially, for the purpose of being communicated to the board, although such notice should not be communicated, the institution is bound by it.' " *Id.* at 210.

In *Girard Ins. Co. v. Bankard,* 107 Md. 538, 69 A. 415 (1908), the then applicable statute provided that the writ of summons in a suit against a fire insurance company might be served upon the local agent of the company in the county where the property insured was situated. This was done. Judgment by default was entered against the insurance company and judgment extended in favor of the plaintiff against the defendant. The company moved to strike the judgment by default and the final judgment claiming, among other reasons, that the local agent did not notify the company of the suit. The Court said:

"If the company had a good ground of defense it is to be regretted that its local agent neglected to communicate the fact of the service of process upon him to the proper persons so that the defense could have been made, but we cannot allow this remissness of the agent to be made ground for striking out a judgment regularly entered, especially when the motion to strike out is made after the term at which the judgment was rendered, had fully passed." *Id.* at 543.

In *Madaio v. Madaio,* 256 Md. 80, 259 A. 2d 524 (1969), we said:

"In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U. S. 306 (1950), Mr. Justice Jackson, for the Court, pointed out that:
'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably cal-

culated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. \* \* \* The notice must be of such nature as reasonably to convey the required information, \* \* \* and it must afford a reasonable time for those interested to make their appearance \* \* \*.' *Id.* at 314." *Id.* at 83-84.

In this case the resident agent was returned *non est* by the sheriff of Montgomery County not once, not twice, but thrice. The record does not tell us how many times during each of those three months the sheriff may have gone to the home of the resident agent which was the place of business of the corporation. We do know that between the second and third returns of the sheriff the private process server by his statement made no less than five attempts to serve the resident agent. By the law of this state, the state of its incorporation, the Department was thus conclusively presumed to have been designated as the true and lawful attorney of the corporation to accept service of process. It clearly appears that legitimate efforts were made to notify the defendant corporation of this action and that those efforts were by means reasonably calculated to bring the attention of the corporation to the pendency of the proceeding. We do not regard the failure of the corporation to claim from the post office the notice admittedly sent to it by the Department as invalidating what under these circumstances was an otherwise valid service of process.

*Order affirmed; appellant to pay the costs.*