UNITED STATES of America ex rel. Pepper KEATING, Petitioner,

v.

Peter BENSINGER, Director, Department of Corrections, State of Illinois, and Elva Brantley, Warden, Illinois State Penitentiary, Menard, Illinois, Respondents.

No. 71 C 307.

United States District Court, N. D. Illinois, E. D.

Feb. 22, 1971.

Ralph Ruebner, Illinois Defender Project, Elgin, Ill., for petitioner.

William J. Scott, Atty. Gen., State of Illinois, Kerry R. Cordis, Asst. Atty. Gen., for respondents.

WILL, District Judge.

## MEMORANDUM OPINION

The issue presented by this petition for a writ of habeas corpus is whether a state court's denial of bail pending appeal to a state prisoner, without any statement of reasons for such denial is, under the circumstances of the present case, an arbitrary denial of bail proscribed by the Eighth and Fourteenth Amendments to the Constitution of the United States. For the reasons stated below, we conclude that the petitioner's constitutional rights were violated and grant his writ of habeas corpus.

The petitioner is presently incarcerated in the Illinois State Penitentiary, Menard, Illinois, pursuant to a conviction for the unlawful sale of marijuana by the Circuit Court of Kane County, Illinois. Petitioner was found guilty by a jury and sentenced on May 22, 1970, to a term of from ten to twenty years. Although petitioner made no motion in the trial court for bail pending appeal, counsel for petitioner moved the Appellate Court of Illinois, Second District, for such bail.[1] This motion was denied on

---

1. Ill.Rev.Stat., Ch. 110A, § 609(b) authorizes a convicted defendant who desires bail pending appeal to move either in the trial court or the reviewing court. Thus, the fact that petitioner herein moved the Appellate Court rather than

December 8, 1970, without any statement of the basis for such denial. Subsequently, petitioner sought leave to file an original petition for a writ of habeas corpus in the Supreme Court of Illinois. Leave to file such a petition was denied on January 27, 1971.

■ The Eighth Amendment to the Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Although the Supreme Court has not yet directly ruled that the prohibition against excessive bail is binding upon the states through the Fourteenth Amendment, the Court has already concluded that the Eighth Amendment's prohibition against cruel and unusual punishment is binding upon the states.[2] Because we doubt that the Supreme Court intended to incorporate only a portion of an amendment into the Fourteenth Amendment's due process clause, we conclude that the provision of the Eighth Amendment prohibiting excessive bail likewise is binding upon the states. A number of other courts have reached this same conclusion.[3] Nor does the state contend that the Eighth Amendment prohibition of excessive bail is not here applicable.

■ The Eighth Amendment does not provide an absolute right to bail. Prior to conviction, bail may be denied if reason exists to believe that the defendant will not appear.[4] Likewise, after conviction, state prisoners do not have an absolute federal constitutional right to bail pending appeal of the conviction.[5] When, however, a right is given by a state legislature, even though it is not a right guaranteed by the federal constitution, the arbitrary denial of that right violates the Fourteenth Amendment.[6]

■ The respondents admit, and we agree, that the federal courts do have the power to review the actions of state courts in denying bail when it is alleged that the denial violates some provision of the constitution.[7] The test to be applied by a federal court in reviewing the actions of a state court to determine if such a violation has taken place in regard to a bail right provided by the state legislature has been stated as follows:

"What the state court did would have to be beyond the range within which

the trial court for bail pending appeal is immaterial to our decision.

2. Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Cf., In re Shuttlesworth, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548 (1962).

3. See, e. g., Pilkinton v. Circuit Court of Howell County, Missouri, 324 F.2d 45, 46 (8th Cir. 1963); Henderson v. Dutton, 397 F.2d 375, 377 (5th Cir. 1968); United States ex rel. Covington v. Coparo, 297 F.Supp. 203, 205 (S.D.N.Y. 1969); United States ex rel. Fink v. Heyd, 287 F.Supp. 716, 717 (E.D.La. 1968), aff'd. 408 F.2d 7 (5th Cir., 1969); Wansley v. Wilkerson, 263 F.Supp. 54, 56 (W.D.Va.1967); United States ex rel. Siegal v. Follette, 290 F.Supp. 632, 634 (S.D.N.Y.1968); Hernandez v. Heyd, 307 F.Supp. 826, 828 (E.D.La. 1970).

4. Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. denied 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); United States ex rel. Siegal v. Follette,

supra n. 3; Dameron v. Harson, 255 F.Supp. 533, 536–537 (W.D.La.1966), aff'd. per cur., 364 F.2d 991 (5th Cir. 1966); Corbett v. Patterson, 272 F. Supp. 602 (D.Colo.1967). See Pilkinton, supra, n. 3.

5. Bloss v. Michigan, 421 F.2d 903 (6th Cir. 1970); United States ex rel. Fink v. Heyd, 408 F.2d 7 (5th Cir. 1969).

6. American Ry. Express v. Kentucky, 273 U.S. 269, 273, 47 S.Ct. 355, 71 L.Ed. 639 (1927); Rudder v. United States, 96 U.S. App.D.C. 329, 226 F.2d 51 (1955); United States ex rel. Siegal, supra n. 3; Randolph v. Willis, 220 F.Supp. 355 (S.D. Cal.1963).

7. In re Shuttlesworth, supra n. 2; Brown v. Fogel, 387 F.2d 692 (4th Cir. 1967); Dameron, supra n. 4; Mastrian, supra n. 4; United States ex rel. Covington, supra n. 3; United States ex rel. Shakur v. Commissioner of Corrections, 303 F. Supp. 303 (S.D.N.Y.1969), aff'd. 418 F.2d 243 (2d Cir. 1969), cert. denied 397 U.S. 999, 90 S.Ct. 1144, 25 L.Ed.2d 408 (1970).

judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection." [8]

The controlling question, then, becomes one of arbitrariness. We recognize that this Court is not entitled to substitute its judgment for that of the state court. Nor are we interested in so doing, because of respect for the doctrine of comity and the desire to promote the efficient administration of justice. However, petitioner was entitled to have his motion for bail pending appeal handled without "arbitrariness" and "discriminatoriness" and the question before us is simply whether or not the state court responded to petitioner's motion in a manner consistent with its constitutional obligation.

The relevant facts are that (1) petitioner was convicted of selling marijuana, a bailable offense; (2) he was sentenced to a term of ten to twenty years; (3) he was seventeen years old at the time of his conviction; (4) he had no prior felony conviction, although he had once been convicted of a misdemeanor, contributing to the delinquency of a minor; (5) he would locally reside, pending appeal, with his brother and sister-in-law; and (6) he would seek employment as a condition of release pending appeal. The Appellate Court of Illinois, Second District, simply denied bail with no findings or statement of reasons for so doing.

■ Absent any findings in support of the denial of bond, it is impossible to ascertain whether or not such denial was arbitrary or discriminatory. Respondents urge in effect that the denial of bail without findings or reasons is prop-

er and since, absent such findings, the petitioner has been unable to demonstrate that the denial of bail was arbitrary, the petition should be denied. If they are correct, the guaranty of the Eighth and Fourteenth Amendments against arbitrariness by a state court in the setting of bail authorized by the state legislature could be reduced to a nullity by the mere silence of the court denying bail. If a court may deny bail with no reason, hardly any set of circumstances can be imagined wherein it could be determined by a reviewing court that the denial was arbitrary or discriminatory. Respondents do not dispute this but urge that such is and should be the law. We do not agree that the right to a reasonable setting of bail may, in effect, be repealed by any court by its mere failure to provide reasons for its action that can be examined by a reviewing court. We conclude, therefore, that the failure of the Appellate Court to state any reasons for its decision was in itself an arbitrary action in relation to petitioner's motion for bail pending appeal.

■ We explicitly note that we are not holding that no justifiable reasons may exist for the denial of bail to petitioner. We conclude only that the state court's failure to provide any basis for its decision to deny bail creates a presumption of arbitrariness. We are not holding that an eighteen year old convicted of the sale of marijuana, who has been sentenced to a term of ten to twenty years, and who has no prior felony convictions has an absolute constitutional right to bail pending appeal. Our conclusion is merely that, when a state court denies bail authorized by the state legislature without providing any supporting reasons, the failure to indicate the motivating reasons for the denial of bail is in and of itself an arbitrary action that violates the Eighth and Fourteenth Amendments. Any other rule would effectively nullify the protection of those Amendments.

8. Mastrian, *supra* n. 4, at 711.

As we have concluded that petitioner's Eighth and Fourteenth Amendment rights were violated by the state court's denial of bail without any supporting reasons, we grant his writ of habeas corpus. However, as we have not ruled that petitioner has a constitutional right to bail but merely that his procedural rights guaranteed by the constitution have been violated, we feel obliged to allow the state an opportunity to correct this deficiency. Therefore, we will stay the enforcement of the writ for fifteen days and authorize its dissolution if the state court, within that period and upon the motion of petitioner, provides a hearing on the bail issue, and either grants reasonable bail or supports its denial with findings of fact that would enable a reviewing court to determine whether or not such denial was arbitrary.

An appropriate order will enter.