Ricardo Rodriguez MALDONADO, Petitioner,

v.

Gerardo DELGADO, Warden of the Penitentiary of the Commonwealth of Puerto Rico, Respondent.

Civ. No. 956–71.

United States District Court, D. Puerto Rico.

July 21, 1972.

Santos P. Amadeo, Rio Piedras, P. R., for petitioner.

Gilberto Gierbolini, Sol. Gen. of Puerto Rico, Dept. of Justice, Old San Juan, P. R., for respondent.

## ORDER

TOLEDO, District Judge.

On December 14, 1971, the Petitioner filed a Motion in the Nature of a Writ of Habeas Corpus, Mandamus, or for Bail Pending Appeal. Jurisdiction is alleged under Title 42, United States Code, Section 1983 and Title 28 United States Code, Section 1651(a). The respondents, on December 30, 1971, filed their opposition to the granting of the relief requested and a motion to dismiss.

Petitioner's basic contention is that the Supreme Court of the Commonwealth of Puerto Rico unconstitutionally denied him due process of law by not granting him bail on appeal pending the final disposition of an appeal he filed with said Court. On February 26, 1971, the petitioner was sentenced to an indeterminate prison term of two to four years at hard labor by the Superior Court of the Commonwealth of Puerto Rico for two violations to the Weapons Act of the Commonwealth. He was denied bail on appeal by the trial court on June 17, 1971 with the succinct statement that the appeal: "does not raise an essential matter at law. We consider that the nature of the offense and the form and manner in which it was committed, make it advisable, for society's protection, to confine the convict while the appeal is decided".[1] No further analysis as to the facts which gave motive to these conclusions nor questions of law were presented in said denial by the

---

1. Said determination, we presume, was made pursuant to Rule 198 of the Rules of Criminal Procedure of Puerto Rico, which reads as follows:

    "Where a defendant is convicted of an offense not entailing life imprisonment, if an appeal or certiorari is filed by the defendant to the Supreme Court, he shall be admitted to bail:

    (a) As a matter of right, when appeal is taken from a sentence imposing fine only.

    (b) As a matter of right, when appeal is taken from a sentence imposing imprisonment in jail in misdemeanors.

    (c) In the discretion of the trial judge, or of the Supreme Court, or of one of the associate justices thereof, in all other cases. No bail shall be admitted in these latter cases, when the appeal fails to raise a substantial issue, or when the nature of the offense or character and penal background of the defendant make it advisable, in the judgment of the court and for the protection of society, that the convict be confined pending hearing of the appeal. No bail shall be admitted in these cases without first giving the prosecuting attorney of the proper court an opportunity to be heard. Except in real emergency cases or when it is deemed to be impracticable, the petition for bail shall be first filed in the lower court and if the latter denies it, it may be filed in the Supreme Court or with one of its associate jutices, accompanied with certified copies of the petition filed in the lower court and of its judgment, as well as the transcript of the evidence, if any, and a brief statement giving the reasons why he considers the judgment to be erroneous."

trial judge. Further applications for bail pending appeal were filed with the Supreme Court of Puerto Rico which were denied. The Supreme Court failed to state its reasons for denial of bail.

Petitioner argues that his due process rights under the Federal Constitution, were violated because no findings of fact were made either by the trial judge or by the Supreme Court to support their denial of bail pending appeal.

■■ While it is true that there exists no federal constitutional right to bail on appeal, and that the Commonwealth of Puerto Rico may deny bail absolutely to all appellants, when that right is granted by law under certain circumstances, the arbitrary denial of that right violates the federal Constitution. United States ex rel. Siegal v. Follette, 290 F.Supp. 632 (U.S.D.C. 1968); Sellers v. State of Georgia, 374 F.2d 84 (5 Cir., 1967); Ballard v. State of Texas, 438 F.2d 640 (5 Cir., 1971); United States ex rel. Keating v. Bensinger, 322 F.Supp. 784 (U.S.D.C.1971).

■ Petitioner would have us review, point by point, the grounds for his application for bail pending appeal, and substitute our judgment for that of the Commonwealth of Puerto Rico Courts. This, we cannot do. United States ex rel. Siegal v. Follette, supra; United States ex rel. Keating v. Bensinger, supra. However, the petitioner is entitled to have his motion for bail pending appeal handled without violations of his due process rights under the federal Constitution.

■ It is necessary that the Commonwealth court's denial be accompanied with findings in support of such denial. As stated in *Bensinger*:

"Absent any findings in support of the denial of bond, it is impossible to ascertain whether or not such denial was arbitrary or discriminatory".

Whether or not the trial court's determination, without any reference to the facts or the law at hand, that petitioner's appeal did not present a substantial question and that a fire arms violation is such a serious offense which makes it advisable that bail be denied, complies with due process requirements, is an issue which we at present do not have to resolve.

■■ We feel, that at present, petitioner has not exhausted available state remedies as required by Title 28, United States Code, Section 2254 and interpreted by the Supreme Court in Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The present petitioner did not adequately present his due process claims before the Commonwealth Supreme Court. Petitioner, through his very able counsel, did file an extensive motion for bail on appeal with said Court, but limited it mainly to whether or not petitioner was entitled to bail under Rule 198 of the Commonwealth Rules of Criminal Procedure. It is not enough merely to raise said claim of denial of due process by implication, it is necessary that the *substance* of a federal habeas corpus claim must first be presented to the state courts, Picard v. Connor, supra, p. 278, 92 S.Ct. 509.

For this reason, we find it necessary to allow petitioner the opportunity to present his due process claim before the Commonwealth of Puerto Rico Supreme Court, so that it can determine whether or not petitioner's due process' rights related to the findings requirement as stated in *Bensinger*, have been violated in this case. The respondents' motion for dismissal and the final disposition of this case will be held in abeyance until the Supreme Court of Puerto Rico, within a reasonable period of time, decides the above mentioned issues.

It is so ordered.