**Rafael Capella RIVERA**

v.

**Tomas CONCEPCION, Warden.**

**David Feliciano FELICIANO**

v.

**Faustino Espinosa LABRADOR, Warden.**

**Wilson Cortes BURGOS**

v.

**Faustino Espinosa LABRADOR, Warden.**

**Nos. Civ. 424–72, 425–72, 426–72.**

United States District Court,
D. Puerto Rico.

Aug. 7, 1972.

Supplemental Opinion Sept. 28, 1972.

---

Luis F. Abreu-Elias, San Juan, P. R., for plaintiffs.

Ulpiano Crespo, for Attorney General of Commonwealth of Puerto Rico, San Juan, P. R., for defendants.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

The petitioners herein filed their habeas corpus petitions on May 8, 1972, alleging in essence that after being sentenced by the Superior Court of Puerto Rico on August 26, 1970, they have been unduly denied their right to bail pending their appeal to the Supreme Court of

Puerto Rico as provided for in Rule 198 of the Puerto Rico Rules of Criminal Procedure. They also allege that Rule 198 is unconstitutional on its face, or as applied to them, and that they were denied due process of law in that their petition was "summarily denied in violation of the Eighth Amendment of the Constitution of the United States without stating reasons and facts as required by the recent case of Harris v. United States, 404 U.S. 1232, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971)." A request was also made for bail pending the decision on the Habeas Corpus petition, which was denied in open court on June 1, 1972.

An Order to show cause was issued on May 11, 1972 and a hearing scheduled for May 26, 1972, at which time argument was heard and an evidentiary hearing was set for June 1, 1972. On that date and on June 5, 13, 15, and 20 evidence was received on behalf of the parties. The matter was submitted to the Court by memoranda on June 26, 1972.

During the period in which the evidentiary hearings were held, copies of the documents filed in the Commonwealth Courts, in relation to the request for bail pending appeal, were submitted to this Court. In addition, a new claim was added to the petitions when evidence was adduced which shows that the transcripts of the proceedings in the Superior Court, if they were to be transcribed in the order of preference which they now have, will not be ready until approximately three years from now, when the petitioners will have served a substantial part of the sentence imposed upon them, thus effectively denying their right to appeal.[1]

■ Now that the Court has had the opportunity to study the documents filed in the Commonwealth Courts it has to find that at this time it cannot reach the merits of the petition for failure to properly exhaust the remedies available in such local courts. The procedural history of the case as it appears from the documents filed herein follows:

Petitioners were sentenced to serve from five to eight years in prison after being convicted of a violation of the explosives law of Puerto Rico and conspiracy. On September 9, 1970 they filed a motion for bail pending appeal in the Superior Court alleging that under the provisions of Rule 198 [2] of the Commonwealth Rules of Criminal Procedure they should be allowed to post a bond. After a hearing in which they presented evidence as to their contentions, the Superior Court denied their petition in a short resolution dated September 23, 1970.

---

1. There was an attempt to demonstrate prejudice in the part of the population of Puerto Rico against these defendants and to show that they were convicted using a method which has come to be known as trial by newspaper or through the press. These attempts failed to show prejudice in the part of the judges ruling on the post-sentence motion which are at issue here so we need not discuss them further.

2. Where a defendant is convicted of an offense not entailing life imprisonment, if an appeal or certiorari is filed by the defendant to the Supreme Court, he shall be admitted to bail: a) As a matter of right, when appeal is taken from a sentence imposing fine only. b) As a matter of right, when appeal is taken from a sentence imposing imprisonment in jail in misdemeanors. c) In the discretion of the trial judge, or of the Supreme Court, or of one of the associate justices thereof, in all other cases. No bail shall be admitted in these latter cases, when the appeal fails to raise a substantial issue, or when the nature of the offense or character and penal background of the defendant make it advisable, in the judgment of the court and for the protection of society, that the convict be confined pending hearing of the appeal. No bail shall be admitted in these cases without first giving the prosecuting attorney of the proper court an opportunity to be heard. Except in real emergency cases or when it is deemed to be impracticable, the petition for bail shall be first filed in the lower court and if the latter denies it, it may be filed in the Supreme Court or with one of its associate justices, accompanied with certified copies of the petition filed in the lower court and of its judgment, as well as the transcript of the evidence, if any, and a brief statement giving the reasons why he considers the judgment to be erroneous.

On March 24, 1971 they filed a petition under Rule 198 to the Supreme Court of Puerto Rico, again requesting bail pending their appeal and alleging that the Superior Court erred in denying it. No constitutional questions were raised in this petition and it was denied without opinion on May 20, 1971.

On December 13, 1971 a new petition for bail pending appeal was filed in the Superior Court and a hearing and argument were requested. In this last motion it is also alleged that the petitioners' due process will be violated since they will have to wait for five years before the record of their case is completed for the appeal. On May 18, 1972 they filed a motion to the Superior Court requesting to be informed of the date in which the record will be ready and alleging that if there is delay their appeal may become academic. These last two motions have not been considered or ruled upon by the Superior Court.

The exhaustion requirement of 28 United States Code, Section 2254 was interpreted by the Supreme Court of the United States as requiring that the questions of law and the constitutional claims raised in the habeas corpus petition to the federal court must first be brought before the local courts. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed. 2d 438 (1971). The reason for this rule is clear. In granting a habeas corpus filed by a State prisoner, in this case a Commonwealth prisoner, the federal court will be in fact releasing a person which the local courts have determined to be subject to imprisonment. This is an area where friction is likely to occur between the parallel judicial systems. To minimize the friction, the writ has been restricted to cases where, after being given every opportunity to protect the constitutional rights of the prisoners, the local courts have not done so, and federal intervention is indispensable. As a part of the opportunity, the petitioner is required to present each and every federal constitutional claim to the Commonwealth Courts so that they may identify the claim and be in a position to decide on it.

In these cases the federal constitution was not mentioned to the Supreme Court of Puerto Rico. The Court was never told that a claim was being made pursuant to the Eighth Amendment and that it was alleged that an arbitrary denial, or a denial without reasons, would be a violation of the due process provision of the federal constitution. The cases of Harris v. United States, 404 U.S. 1232, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971) 9th Cir. and United States ex rel Keating v. Bensinger, 322 F.Supp. 784 (1971) N.D. Ill., which, if applicable,[3] would tend to support petitioners' claim, and on which they rest herein, were not cited to the Supreme Court, and under these circumstances this Court's intervention is not yet warranted.

The claim based on the denial by the Commonwealth's Courts of the right to appeal presents a somewhat different question. As things stand at present the merits of the appeal to the Supreme Court of Puerto Rico will not be heard until the record of the case is completed. The transcription will have taken five years and by the time it is completed the petitioners will have served a substantial part of their sentence. This claim has been nakedly stated to the Superior Court in the motions of December 13, 1971 and May 18, 1972.[4] While the mere assertion of the constitutional right might not meet the requirements of *Picard,* supra, for exhaustion, we are told

---

3. See in this respect Rodriguez Maldonado v. Delgado, D.C., 345 F.Supp. 993, 1972.

4. In paragraph f of the motion of December 13, 1971 it is alleged "That the right to due process of law is being violated because there is a delay in the process of transcribing the evidence which puts them in the risk of having to serve the complete sentence when finally they can be found not guilty. In paragraph 8 of the May 18, 1972 motion it is alleged: "that, the bail having been denied, and the transcript of evidence having been ordered by the Court, the defendants are entitled to have their appeal considered, but not after serving the sentence, which will make the remedy just academic".

to give way to that doctrine in this claim, following the case of Odsen v. Moore, 445 F.2d 806 (1971) C.A. 1.

We distinguish *Odsen* from this case. There, the State Court was repeatedly requested to act on the appeal by the prisoner and the prisoner repeatedly tried to coax his attorney and the Court into action, all to no avail. Here, the delay was first brought up in December 1971 before the Superior Court and no request for setting of a hearing, or for action on the motion has been made. The persistence and diligence of *Odsen* is not present in this case and at this time an *Odsen* remedy is not warranted.

While the Court will not issue the writ of habeas corpus at this time, we will not dismiss the petition. Substantial questions are raised in this case which may be properly decided by this Court, once the Commonwealth's Courts have ruled on the issues.

For the aforesaid reasons the issuance of the writ of habeas corpus is denied. However the petition is not dismissed and this Court will retain jurisdiction until: a) Petitioners ask the Superior Court to act on the motions pending and file a memorandum of law presenting the federal claims implied in the motion of December 13, 1971; and b) A request is made to the Supreme Court of Puerto Rico presenting the federal claim for bond pending appeal which has been made before this Court and requesting the prompt disposition of the appeal on the federal constitutional grounds presented herein.

If after a reasonable time, considering the urgency of this case, the Commonwealth Courts after being given the opportunity to so do by proper pleadings, do not rule on the issues or deny the petitions filed, or that may be filed before them, then, leave is granted to petitioners to seek relief on the merits from this Court. It should be made clear, however, that counsel handling the case in the Commonwealth Courts must be diligent and thorough, if a claim alleg-

ing delay in the Puerto Rican forum is to progress in the federal courts.

It is so ordered.

### Supplemental Opinion

Petitioners, convicted of violations to the explosives law of Puerto Rico and of conspiracy, have been incarcerated for more than two years, part of the time awaiting the resolution of their appeal by the Supreme Court of Puerto Rico, and have been denied bail on appeal by the Commonwealth Courts. The Supreme Court has been unable to act on their appeal because the transcript of the trial record has not been completed. The Supreme Court denied bail on appeal by stating that both, the appeal which does not raise "a substantial question, and the nature of the offense justify the confinement of the appellants while the petition is considered". (Resolution of September 6, 1972) [1] No hearing was held by the Supreme Court to reach the conclusion.

From the facts we have described, two constitutional claims are put forward for this Court to consider. One is a claim that the delay in the resolution of their case on appeal amounts to a violation of the due process of law in effectively denying them the right to appeal. The other is the claim that their right to due process has been violated by the denial of bail on appeal without a statement of reasons for the denial demonstrating that the bail was not refused arbitrarily. These separate claims are reinforced when we view them jointly, as we must in this case. The delay is more prejudicial because bail has been denied, and the denial of bail is more damaging because the appeal has been very lengthy.

■ The constitutional claim for delay in the resolution of the appeal was first put forward after evidence was adduced at the hearings in this case which showed that, as things stood at the time, the transcript of the record for the appeal would take three years in addition to the two that has already elapsed. We

1. See the Appendix A to this Memorandum.

considered that the federal aspects of the claim had not been presented to the Commonwealth Courts; so, the relief requested was denied by this Court's Order of August 8, 1972. This issue was presented to the Commonwealth Courts and the Supreme Court faced the problem in a resolution dated September 6, 1972, referred to above, which provides that the transcript of the case be given preference over all others, that "the stenographer" (there were three different stenographers, one of which no longer works with the Courts Administration and who does not live in Puerto Rico) be relieved from other duties and that a progress report of his work be forwarded to the Court monthly.

An essential aspect of the case of Odsen v. Moore, C.A. 1, 445 F.2d 806 (1971), is that there, the state proceedings could not be moved even with persistent prodding by the prisoner. Here we declined granting the relief previously because of an absence in persistence, and find that now that the request has been made, the Supreme Court has certainly moved the case in a manner which shows concern with the problems presented. Thus, relief in this aspect of the case is not justified at this time and shall not be granted.

■ We now address our attention to the other aspect of the case. The only right to bail on appeal which forms part of the due process in the Puerto Rican Statute [2] is the right not to have the bail denied in an arbitrary manner. The Statute is clear when it makes the bail dependent on the sound discretion of the Court. However, when the discretion is exercised, there must be some evidence as to the basis of the decision or there is no way of demonstrating that the decision was or was not arbitrary. That is the doctrine which Judge José V. Toledo of this court has expressed in his decision in Rodríguez Maldonado v. Delgado, D.C., 345 F.Supp. 993, 1972, based in the case of United States ex rel. Keating v.

Bensinger, D.C.Ill., 322 F.Supp. 784 (1971), which doctrine we share and now adopt.

■ After we refused relief in our order of August 8, 1972, referred to above, petitioners presented the claim to a federally protected right for bail on appeal to the Supreme Court of Puerto Rico and the court responded with the short phrase which we have cited above from its resolution of September 6, 1972. This is almost the same response which was deemed insufficient in Rodríguez-Maldonado, supra, to which we have made reference.

Prior to this last resolution by the Supreme Court of Puerto Rico and before this action was filed, when petitioners first requested bail on appeal, the Superior Court of Puerto Rico did hold a hearing. However, its resolution [3] was also insufficiently specific and barren of findings of fact so as to demonstrate that the denial was not arbitrary.

This Court, within the limits of the doctrine of comity, and subject to the restraints inherent in the supervisory power of a parallel court system, must safeguard and correct any violations to the federal constitutional right of the Puerto Rican people. In this particular case, we must be presented with specific findings of fact when bail on appeal is denied. This the Commonwealth Courts have not done, even though our prior restraint has given them ample opportunity to do so. We are thus forced, even though reluctantly, to order petitioners' release on a bond which, unless set by the Supreme Court of Puerto Rico, will be set by this Court when this order becomes executory.

We will suspend the execution of our order for twenty days. This will give the Commonwealth Supreme Court time to proceed and hold a hearing on the issue of bail pending appeal and then, either grant a reasonable bail or support its denial with "findings of fact that would enable a reviewing court to determine

---

2. For the full text of Rule 198 see Appendix B to this Memorandum.

3. See the Appendix A to this Memorandum.

whether or not such denial was arbitrary". United States ex rel. Keating v. Bensinger, supra, at 788. Counsel for petitioners is instructed to so move the Supreme Court. We are hopeful that this short stay will bring into harmony the parallel court systems and that the Commonwealth court will take an action which we are loath to take, but must under the present circumstances.

By reason of the aforesaid, it is ordered, adjudged, and decreed that Rafael Capella Rivera, David Feliciano Feliciano, and Wilson Cortes Burgos be released from the custody of defendants herein after the posting of a reasonable bond, which will be set by this Court when this Order becomes executory twenty days from today.

It is so ordered.

## APPENDIX A

## TRANSLATION

## IN THE SUPREME COURT OF PUERTO RICO

| The People of Puerto Rico<br>Plaintiff and Appellee<br><br>v.<br><br>Wilson Cortés Burgos, David Feliciano and Rafael Capella Rivera<br>Defendants and Appellants | No. M–72–10L | Appeal from<br>Superior Court<br>Aguadilla Part<br><br>Violation<br>Article 12 of<br>Explosives Act<br>and Conspiracy |

### RESOLUTION

San Juan, Puerto Rico, September 6, 1972.

Having seen appellants' motions of August 7 and 29, 1972 and the Memorandum and Order of the United States District Court for the District of Puerto Rico, the Court resolves the following:

1. Having been denied by the trial court the bail requested after hearing was held and the same having been denied by this Court pursuant to what is provided in Rule 198 of the Rules of Criminal Procedure due to the reason that the allegations of error do not raise a substantial question and the nature of the crime justifies the confinement of the appellants while the petition is considered and this Court having on this same date entered an order that the proceedings of the trial be transcribed with preference, the requests for bail contained in the motions of August 7 and 29, 1972 are denied.

2. The trial court ordered to alter the order of preference of the transcript of the record requested so that the stenographer may devote herself to transcribe the proceedings of the case with due diligence and uninterruptedly. To these effects and pursuant with Rule 200 of the Rules of Criminal Procedure and for the purpose of expediting the termination of said transcript, and the perfecting and disposal of the appeal in this case, the appellants shall designate, within a period of ten days commencing on the date of this resolution, those portions of the oral evidence presented which transcript they are interested in to perfect the appeal, notifying said designation to the prosecuting attorney within said period of time so that the latter may act, if he deems it pertinent, as is provided by said Rule 200.

3. The stenographer in question must render to the trial court a monthly report as to the progress of the transcript of the

portions designated by the appellants and said court shall submit to this Court copy of said report together with the measures that it may have taken, if necessary, to accelerate the termination of said work.

The Court so agrees and the Clerk certifies. Chief Justice, Mr. Negron Fernandez, as well as Associate Justice, Mr. Hernández Matos, did not intervene.

José L. Carrasquillo
Clerk

## APPENDIX B

## TRANSLATION

### IN THE SUPERIOR COURT OF PUERTO RICO
### AGUADILLA PART

The People of Puerto Rico

v.

Wilson Cortés Burgos,
David Feliciano Feliciano
Rafael Capella Rivera
Ramón Vargas Pérez

Criminal No. G–69–189, 190, 191, 192

Re:

Violation Art. 12, Explosives Act.

### RESOLUTION

On September 21, 1970 these cases were called for hearing and discussion of a motion by which the defendants of the captioned cases request they be granted bail on appeal. The defendants appeared in person, assisted by the attorneys José R. Gelpí, Esq., Baltasar Quiñones Elías, Esq. and Marcos Feliciano Crespo, Esq. The public ministry was represented by prosecuting attorney Ramón Crespo and Luis Carbone.

The appellants presented oral and documentary evidence.

The public ministry did not offer any evidence. Both parties argued in support of their contentions.

The Court took the matter under advisement.

We see that Rule 198 of the Rules of Criminal Procedures in force provide the following:

"Where a defendant is convicted of an offense not entailing life imprisonment, if an appeal or certiorari is filed by the defendant to the Supreme Court, he shall be admitted to bail:

A. As a matter of right, when appeal is taken from a sentence imposing fine only.

B. As a matter of right, when appeal is taken from a sentence imposing imprisonment in jail in misdemeanors.

C. In the discretion of the trial judge, or of the Supreme Court, or of one of the associate justices thereof, in all other cases. No bail shall be admitted in these latter cases, when the appeal fails to raise a substantial issue, or when the nature of the offense or character and penal background of the defendant make it advisable, in the judgment of the court and for the protection of society, that the convict be confined pending hearing of the appeal.

Our Honorable Supreme Court has resolved that the setting of bail on appeal is not a mere routine question and that the discretion that the sentencing court has to grant it should answer to the criteria of the substantiality of the question raised on the nature of the offense. Pueblo v. Santos Martinez Padró, 91 DPR 536, 1964.

Wharton's Criminal Law and Procedure, Volume 4, page 669, states:

Sec. 1827. It is generally held that when bail is allowed pending an appeal from a conviction, the appeal must be one which is taken in good faith and not for frivolous reasons and one for which there is probable cause . . . "Sioux vs. Marshal, 48 So. 378, [48 S.D. 378, 204 N.W. 999] 45 A.L.R. 447. Clauson [Clawson] v. U. S., 113, U.S. 143 [5 S.Ct. 393, 28 L.Ed. 957].

Sec. 1828: The discretion of Court to grant or deny bail after conviction and pending on appeal is exercised freely in favor of bail in cases of misdemeanor, but in felonies bail is allowed with great caution and only when the peculiar circumstances of the case render it right and proper." Ex-parte McAnally, 53 Ala. 495, 25 A.M. Rep. 646. Vanderford vs. Brand, 126 Ga. 67, 54, S.E. 822.

Ex-parte Ezell, 40 Texas, 451, 19 A.M. Rep. 32.

We understand that in view of the evidence presented in the cases and what is alleged in the motion requesting setting of bail on appeal, added to the nature of the offenses for which defendants were convicted, do not satisfy the requirements of Rule 198 of the Rules of Criminal Procedure, nor does it move our discretion to grant the remedy requested.

Therefore, the motion filed by the defendants requesting bail on appeal is denied.

To be notified.

At Aguadilla, Puerto Rico, September 23, 1970.

Signed

ROBERTO VERAY TORREGROSA
Superior Judge.

## APPENDIX C

### Rules of Criminal Procedure

### Rule 198. Bond on Appeal

Where a defendant is convicted of an offense not entailing life imprisonment, if an appeal or certiorari is filed by the defendant to the Supreme Court, he shall be admitted to bail:

(a) As a matter of right, when appeal is taken from a sentence imposing fine only.

(b) As a matter of right, when appeal is taken from a sentence imposing imprisonment in jail in misdemeanors.

(c) In the discretion of the trial judge, or of the Supreme Court, or of one of the associate justices thereof, in all other cases. No bail shall be admitted in these latter cases, when the appeal fails to raise a substantial issue, or when the nature of the offense or character and penal background of the defendant make it advisable, in the judgment of the court and for the protection of society, that the convict be confined pending hearing of the appeal. No bail shall be admitted in these cases without first giving the prosecuting attorney of the proper court an opportunity to be heard. Except in real emergency cases or when it is deemed to be impracticable, the petition for bail shall be first filed in the lower court and if the latter denies it, it may be filed in the Supreme Court or with one of its associate justices, accompanied with certified copies of the petition filed in the lower court and of its judgment, as well as the transcript of the evidence, if any, and a brief statement giving the reasons why he considers the judgment to be erroneous.