THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* WILSON CORTÉS BURGOS ET AL., Defendants and Appellants.

No. M-72-106.    Decided October 20, 1972.

*Luis F. Abreu Elías, Fermín B. Arraiza, Baltazar Quiñones Elías, José Rafael Gelpí,* and *Marcos Feliciano* for appellants. *Gilberto Gierbolini, Solicitor General, Augusto A. Cirino* and *Américo Serra, Assistant Solicitors General,* for The People.

#### ORDER

In view of our Order of September 6, 1972, [1] the petition to fix bail is hereby denied.

---

[1] COMPILER'S NOTE: Said Order reads:

"Appellants' motions of August 7 and 29, 1972 and the Memorandum and Order of the United States District Court for the District of Puerto Rico, of August 1972, having been heard, the Court decides the following:

It was so agreed by the Court and certified by the Clerk.

(s) José L. Carrasquillo

*Clerk*

—O—

Mr. Justice Martínez Muñoz, concurring.

San Juan, Puerto Rico, October 20, 1972

The Order of the Court entered in these cases today has my concurring vote. I gave my vote because in this phase of the proceedings the petitioners have not shown that they deserve, in the exercise of our discretion, to have bail fixed

"1.—The bail requested by the trial court after a hearing was held having been denied and said bail having been denied by this Court pursuant to the provisions of Rule 198 of the Rules of Criminal Procedure, in view of the fact that the assignments of error do not raise a substantial issue, and that the nature of the offense justifies appellants' confinement while the appeal is heard, and since on this same date this Court issued an order requesting that the incidents of the trial be transcribed with priority, the petition for bail contained in the motions of August 7 and 29 is hereby denied.

"2.—The trial court is ordered to alter the order of priority for the transcript of the record requested, so that the stenotypist may devote herself to transcribe the evidence of the case with due diligence and uninterruptedly. To those effects, and pursuant to Rule 200 of the Rules of Criminal Procedure, and for the purpose of expediting the termination of said transcript and the perfection and disposition of the appeal in this case, appellants shall designate, within a term of ten days from the date of this order, the portions of the oral evidence heard, the transcript of which they desire to perfect the appeal, and said designation should be notified to the prosecuting attorney within said period, so that the latter may proceed, if he deems it proper, according to the aforementioned Rule No. 200.

"3.—The stenotypist in question shall submit a monthly report to the trial court showing the progress in the transcript of the portions of the evidence designated by appellants, and said court shall send to this Court a copy of said report together with the measures taken, if necessary, to speed the termination of the aforesaid work.

"It was so agreed by the Court and certified by the Clerk. Mr. Chief Justice Negrón Fernández, as well as Mr. Justice Hernández Matos, took no part in this decision.

(s) José L. Carrasquillo

*Clerk"*

on appeal. Our law does not provide an absolute right to bail in cases like the one at bar. Rule 198 of the Rules of Criminal Procedure which is the one which rules this matter, on the contrary, clearly provides that *no bail shall be admitted* in cases of felonies where a penalty of imprisonment is imposed. Insofar as pertinent the Rule reads:

"No bail shall be admitted in these latter cases, when the appeal fails to raise a substantial issue, or when the nature of the offense or character and penal background of the defendant make it advisable, in the judgment of the court and for the protection of society, that the convict be confined pending hearing of the appeal."

This rule acknowledges the discretionary character of granting bail on appeal. The criteria which Rule 198 adopts are the same which, together with several others, are followed in the federal jurisdiction for similar purposes. See Rule 46 (a) (2) of the Federal Rules of Criminal Procedure (". . . unless it appears that the appeal is frivolous or taken for delay . . .") and 18 U.S.C. § 3146 (". . . the nature and circumstances of the offense . . . the accused's character and mental condition . . . his record of convictions . . .").

The Memorandum and Order of the Federal Court of San Juan of September 28, 1972, based on the views of a Federal District Judge of Illinois reported in *United States ex rel. Keating* v. *Bensinger*, 322 F.Supp. 784 (1971), presumes arbitrariness of the Puerto Rican courts because of the fact that they fail to set forth reasons in denying bails on appeal in these cases.

This standard is harmful to the dignity of the state courts. This will not be the only nor the most important occasion when the law sanctions that the court make certain determinations without setting forth reasons; take into consideration, for example, that the appellate courts may refuse to issue writs such as writs of review or certiorari without setting forth reasons or holding hearings and that the courts

(or juries) usually do not set forth findings of fact or conclusions of law when they find a defendant guilty.

But even accepting the principles stated in *Keating*, a case which we understand has been appealed to the Court of Appeals for the Seventh Circuit, the courts of Puerto Rico have essentially complied with the same. Both the Superior Court of Aguadilla in its Order of September 23, 1970, and this Court in its Order of September 6, 1972, stated the reasons for which they denied the bail on appeal to petitioners: the lack of substantiality of the petition and the nature of the offense.

In the fixing of bail the law has traditionally acknowledged a distinction between the phase *prior* to judgment and the phase *subsequent* to conviction and sentence. Compare Rule 198 with Rule 6.1 of the Rules of Criminal Procedure. In the federal jurisdiction there is also a difference of tone between the provisions, 18 U.S.C. § 3146 (prior to trial) and 18 U.S.C. § 3148 (on appeal). Our Constitution impliedly recognizes the distinction: Art. II, § 11.

It is logical that it be thus. The presumption of innocence favors the citizen, even when a complaint has been filed against him and probable cause has been determined. But once the judicial proceeding which culminates in an adjudication of guilt beyond reasonable doubt has taken place, it is more than likely that the adjudication is correct. The public policy of respect to the judicial process demands that it be thus assumed. To presume arbitrariness of the state court, having especially in mind that the federal courts, generally, should not substitute their views for those of the state courts, attempts against the public policy of respect and deference which the local judicial process deserves.