Wilfredo Sotomayor Vera, pro se.

## ORDER

TOLEDO, District Judge.

This cause is before this Court pursuant to petitioner's motion under Title 28, United States Code, Section 2254, wherein it is alleged that he is being unlawfully held under the custody of the defendant because he was sentenced under the Old Narcotics Law of Puerto Rico and not under the New Narcotics Law, which became effective on June 23, 1971. As additional grounds for the petition, it is alleged that he has been deprived of due process of law since his petitions for habeas corpus filed before the Courts of Puerto Rico pursuant to Rule 192.1 of the Rules of Criminal Procedure for the Commonwealth of Puerto Rico, were denied without a hearing or a statement of reasons. The last mentioned claim is predicated upon this Court's holdings in the case of Maldona-

**Wilfredo Sotomayor VERA, Petitioner,**

v.

**Tomas CONCEPCION, Warden, Respondent.**

**Civ. No. 404–73.**

United States District Court, D. Puerto Rico.

June 14, 1973.

do v. Delgado, Order of July 21, 1972, 345 F.Supp. 993, and Rivera v. Concepción (Memorandum and Order of September 28, 1972, in Civil No. 424–72), 355 F.Supp. 662, and the case of United States ex rel. Keating v. Bensinger (D.C.Ill.1971) 322 F.Supp. 784.[1]

The Court has considered petitioner's motion and is of the opinion that it should be dismissed as frivolous. In view of our conclusion, no hearing is necessary, and no attorney needs to be assigned to represent the petitioner.

The following facts are pertinent to our disposition:

Petitioner was convicted, after a plea of guilty, for a violation of the narcotics laws of Puerto Rico and sentenced on May 10, 1971, to serve 5 to 8 years on probation. His probation was revoked on November 18, 1971, after a conviction for Grand Theft, committed during his probation period. On February 5, 1973, he filed a motion under Rule 192.1 of the Rules of Criminal Procedure for the Commonwealth of Puerto Rico before the sentencing court, requesting that he be afforded the benefits of the Controlled Substance Act of Puerto Rico, Act No. 4, approved June 23, 1971; specifically the special probation conditional release and expurgation of records' provisions provided by Section 404 of the Act.

His request was denied without a hearing and a statement of reasons. On March 5, 1973, he filed a writ of certiorari appealing said denial to the Supreme Court of the Commonwealth of Puerto Rico; which Court on March 23, 1973, denied the request, likewise, without a hearing or a statement of reasons. In the last mentioned certiorari, petitioner stressed to the Supreme Court of the Commonwealth of Puerto Rico this Court's holding in Ricardo Rodríguez Maldonado v. Pueblo de Puerto Rico, supra.[2]

As to petitioner's allegation predicated in the holdings of the above cited cases to the effect that the denial of his motions without a hearing and a statement of reasons violates his federal constitutional rights, specifically his right to due process of law, it suffices to say that said cases do not require a hearing and a statement of reasons every time the Courts of the Commonwealth of Puerto Rico deny a prisoner's petition. All the mentioned decisions were entered in cases related to the denial of bail pending appeal; which consideration involves the exercise of discretion. The statement of reasons was therein required so as to provide the federal courts with a basis to determine whether the denial was arbitrary or an abuse of discretion. In the present case, in contrast, to the cited cases, we have the denial on the merits by the Commonwealth Courts of a frivolous question of law and there was no exercise of discretion involved.

That the question of law is clearly frivolous, which, incidentally, disposes of petitioner's first contention, is clear from the last paragraph of Section 608 of the Controlled Substance Act, which states:

"The provisions of subsection (b) of section 404 of this act and the penalties prescribed in subsection (a) of said section 404 shall be applicable and shall benefit any person who, from the date of effectiveness of said section, *is convicted* of unlawfully possessing any controlled substance for his own consumption, even when the accusation, in his case, has been filed under previous registration". (emphasis added).

Section 404 took effect on June 23, 1971 (See Section 608 of the law), that is, after the petitioner herein was convicted in the drug charges, wherefore, the dispositions of the Act were not available to him.

---

1. Although petitioner only cites the *Ricardo Rodriguez Malonado* decision, we take his proposition to be based as well on the holdings of the similar decisions we mentioned above.

2. See our footnote 1.

In view of the foregoing, this court hereby orders, adjudges and decrees, that petitioner's motion be and the same is hereby dismissed.

It is so ordered.