Gamaliel Perez **ALDARONDO,**
Petitioner,

v.

The **SUPREME COURT OF PUERTO RICO,** Special Part Composed of its Judge, Associate Justice Hiram Torres Rigual, etc., **Respondent.**

Civ. No. 590–73.

United States District Court,
D. Puerto Rico.

Jan. 31, 1974.

Dr. Santos P. Amadeo and Jose A. Amadeo, San Juan, P. R., for petitioner.

Ramon Mauras, for the Department of Justice of the Commonwealth of Puerto Rico, San Juan, P. R., for respondent.

## MEMORANDUM OPINION AND ORDER

CANCIO, Chief Judge.

On July 3, 1973 petitioner, Gamaliel Pérez Aldarondo, filed a writ in this court entitled "Motion in the Nature of a Writ of Habeas Corpus, Mandamus or for Bail Pending Appeal," wherein he complained that he was being held in custody by Commonwealth authorities in violation of the Constitution of the United States because the Commonwealth Supreme Court had denied his application for bail[1] pending appeal from a narcotics conviction involving the possession, transportation and sale of marijuana. He alleged that the Supreme Court, in denying his application for bail as mentioned above, had not been consistent with its own policy of denying or granting bail in appeals from narcotics violations, and hence had not afforded him an equal protection of the laws.

Petitioner included as respondents in his motion, not only the warden of the jail where he is being held in custody, but also four justices composing the Special Part of the Commonwealth Supreme Court that had denied his application for bail pending appeal.

On July 5, 1973 petitioner filed another writ entitled "Motion Substituting Prayer of Motion in the Nature of a Writ of Habeas Corpus, Mandamus, or for Bail Pending Appeal, Filed in this Court July 3, 1973," wherein he urged the Court to characterize his original writ as a civil rights action pursuant to 42 U.S.C. Sec. 1983 and to grant appropriate relief, including an order to show cause addressed to the above-mentioned justices of the Commonwealth Supreme Court.

The petition was referred to the United States Magistrate for findings and recommendations. The Magistrate reported as follows:

"The only federal claim in this case is the allegation that petitioner was denied

---

1. Rule 198 of the Puerto Rico Rules of Criminal Procedure of 1963, 34 L.P.R.A., App. II, R. 198, provides for the exercise of judicial discretion in granting or denying bail pending appeal from a felony conviction. It reads in pertinent part as follows:

"Where a defendant is convicted of an offense not entailing life imprisonment, if an appeal or certiorari is filed by the defendant to the Supreme Court, he shall be admitted to bail:

(a) . . .

(b). . .

(c) In the discretion of the trial judge, or of the Supreme Court, or of one of the associate justices thereof, in all other cases. No bail shall be admitted in these latter cases, when the appeal. fails to raise a substantial issue, or when the nature of the offense or character and penal background of the defendant make it advisable, in the judgment of the court and for the protection of society, that the convict be confined pending hearing of the appeal. No bail shall be admitted in these cases without first giving the prosecuting attorney of the proper court an opportunity to be heard. Except in real emergency cases or when it is deemed to be impracticable, the petition for bail shall be first filed in the lower court and if the latter denies it, it may be filed in the Supreme Court or with one of its associate justices, accompanied with certified copies of the petition filed in the lower court and of its judgment, as well as the transcript of the evidence, if any, and a brief statement giving the reasons why he considers the judgment to be erroneous.

bail pending appeal in the Commonwealth's courts without a statement of reasons. There is no issue of delay as was the basis for the Court of Appeals' decision in Rafael Capella Rivera v Concepción [1 Cir.], 469 F.2d 17 (1972) and the applicable cases are this court's rulings in Ricardo Rodríguez Maldonado v Delgado, 345 F.Supp. 993 (D.C.1972), and Capella Rivera v Concepción, memorandum and order entered September 28, 1972, civil case number 424–72 [D.C., 355 F.Supp. 662]. These cases are based on the ruling in U. S. ex rel Keating v Bensinger [D.C.], 322 F.Supp. 784 (1971) of which the Court of Appeals stated in Capella Rivera v Concepción, *supra*, at 19 [of 469 F.2d]: 'at least one member of this court has doubt as to the correctness of *Bensinger*, but none of us have doubt about the correctness of the court's order.'

"With his pleadings, the petitioner accompanied copies of the documents filed with the Commonwealth's courts. A study of these documents reveals that this federal claim, which is described in the cases we have cited above, and which requires the Commonwealth's courts to state the reasons for their exercise of discretion when denying bail pending appeal, has not been properly presented to the Commonwealth's courts. Petitioner's pleadings in these documents are addressed exclusively to the criteria expressed in rule 198 of the Rules of Criminal Procedure of the Commonwealth of Puerto Rico. Nowhere are the Commonwealth's courts told that a hearing and a statement of reasons are requested on the basis of the federal rights described in this court's cases cited above.

"Even though in his motion substituting prayer filed on July 5, 1973, petitioner describes this action as one under 42 U.S.C.A. § 1983 which does not require exhaustion of the Commonwealth's courts system, in the light of Preiser v Rodríguez, U.S. S.Ct. decided May 7, 1973, 41 L W 4555 [411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439], this is properly a habeas corpus proceeding and exhaustion is required since this is clearly an action ' . . . attacking the validity of the fact or length . . .' of petitioner's confinement. As the Supreme Court stated ' . . . in short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of section 1983,' *Preiser, supra,* at 41 L W 4559 [411 U.S. at 490, 93 S.Ct. at 1836].

"Once we have determined that this is a habeas corpus proceeding and that exhaustion is required, the ruling in Picard v Connor, 404 U.S. 270 [92 S.Ct. 509, 30 L.Ed.2d 438] (1971) and this court's decision in Capella v Concepción of August 8 [7], 1972, civil case number 42–72 [355 F.Supp. 662], require that exhaustion be completed and that the federal claims be properly presented to the Commonwealth's courts in this case.

"Once we have determined that this is a habeas corpus proceeding, it becomes apparent that the members of the Supreme Court of Puerto Rico included as parties-defendant are improperly so and the petition as to them should be dismissed for that reason and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

"Finally, the petition is not properly before the court since it is not verified under oath as required by 28 U.S.C.A. § 2242. The fact that the issuance of the writ is not sought, but rather the issuance of an order to show cause is requested, is of no importance since eventually and based on this petition the prisoner will seek to obtain his release.

"In view of the above, it is recommended that the petition be, either dismissed without prejudice, or held in abeyance until the exhaustion and verification requirements are complied with. In relation to the members of the Supreme Court it is recommended that the petition be denied."

■■ On August 22, 1973 petitioner filed the required verification under

**1176**

oath as required by 28 U.S.C. Sec. 2242. Hence, we shall deem cured the initial defect in his petition and disregard the Magistrate's recommendation on this matter. Nevertheless, upon a careful and independent review of the documents on file, as well as the applicable statutory and decisional law bearing upon the instant petition, specially Preiser v. Rodríguez, *supra*, we agree with the Magistrate that here petitioner is "attacking the validity of the *fact*" of his confinement within the holding of *Preiser*. (Emphasis added.) It follows, then, that the only way to construe the instant "Motion" is as a petition for *habeas corpus* relief, and we agree with the Magistrate that the Supreme Court justices have been improperly included in this proceeding as party-defendants and that the petition as to them should be dismissed for that reason and pursuant to Federal Civil Procedure Rule 12(f). Furthermore, we have reviewed the copies of the documents which petitioner filed in the Commonwealth courts and we agree with the Magistrate that petitioner's federal claim in support of his application to the Supreme Court for bail pending appeal was not properly presented to that court so as to enable this Court to conclude that the exhaustion requirements of federal habeas corpus have been met, so as to put us in the position to proceed further in this case. Indeed, petitioner himself seems to have implicitly recognized this fact by filing with this court copy of a document filed in the Commonwealth Supreme Court on August 1, 1973, and wherein he requests the latter to explain the reasons why it has denied him bail pending appeal, together with a certificate by the clerk of said court, dated January 8, 1974, that the motion is still under advisement. In said document, petitioner argues his federal claim to the Commonwealth Supreme Court in substantially the same fashion as in his July 3 and 5 "motions" in this court. We believe that comity principles require that we refrain from ruling upon petitioner's contentions until the Commonwealth Supreme Court rules upon the matters it has under advisement.

In view of the foregoing, it is hereby ordered that the present petition be dismissed as to the Supreme Court of the Commonwealth of Puerto Rico Special Part and its members as named respondents in the caption of the petition, since they are improperly so, and pursuant to Federal Civil Procedure Rule 12(f).

It is further ordered that the petition, as it stands against the remaining respondent, be stayed until the exhaustion required in this type of proceeding has been fully completed and the Commonwealth Supreme Court rules on the motion filed with it by petitioner on August 1, 1973.

It is so ordered.