**Roberto NATAL, Petitioner,**

v.

**The PEOPLE OF PUERTO RICO, Respondent.**

Civ. No. 74–487.

United States District Court, D. Puerto Rico.

April 17, 1975.

---

Horacio R. Subirá, Jr. (Court-appointed), San Juan, P. R., for petitioner.

Roberto Armstrong, Jr., Asst. Sol. Gen., Dept. of Justice of P. R., San Juan, P. R., for respondent.

## OPINION AND ORDER

TOLEDO, Chief Judge.

On April 25, 1974, Roberto Natal-Rosario filed on his own behalf and in forma pauperis a motion for bail on appeal alleging that, although he is a good bail risk as demonstrated by his conduct while free on bail pending trial, he was denied bail on appeal by the Supreme Court of Puerto Rico without a statement of reasons for said denial. Petitioner asked for a hearing on his motion and that after all parties were heard that his motion be granted and the Court order reasonable bail to be set so that upon its posting petitioner can be free pending his appeal.

Petitioner having exhausted all remedies in the Commonwealth Courts and the procedure followed by the Supreme Court of Puerto Rico being in apparent conflict with this Court's opinions in *Maldonado v. Delgado*, 345 F.Supp. 993 (D.C.P.R.1972) and *Rivera v. Concepcion*, 355 F.Supp. 662 (D.C.P.R. 1972), this Court ordered on July 19, 1974, that the custodian of the institution where petitioner is serving and the Attorney General of Puerto Rico be served with a copy of this petition and that they submit an answer thereto within thirty (30) days, accompanying copies of the documents filed in the cases before the Supreme Court and the Superior Court of Puerto Rico, translated and duly certified by the respective Court Clerks.

On August 16, 1974, respondent appeared through its attorneys Miriam Naveira de Rodon, Solicitor General, and Roberto Armstrong, Jr., Assistant Solicitor General, and moved the Court to dismiss the petition on the grounds that it fails to state facts upon which relief can be granted by this Court, that the Court lacks jurisdiction over the subject matter of the petition, that the Court lacks jurisdiction over the respondent, that process and service of process have been insufficient in law so that jurisdiction over the person has not attached and, finally, that petitioner has not complied with the requirements of Title 48, United States Code, Section 864 nor with the requirements of Rule 6 and Rule 8(B), (D) and (E) of this Court, wherefore his motion is insufficient.

On September 19, 1974, the Court appointed Horacio Subirá, Jr., Esquire, as attorney for petitioner and on October 4, 1974, ordered said counsel to file an opposition to respondent's motion to dismiss within thirty (30) days. After requesting and obtaining an extension to do so, petitioner's counsel filed said opposition to the motion to dismiss and memorandum of law on December 9, 1974, wherefore the Court took the matter under advisement and now issues its decision.

At the outset we must indicate that as properly pointed out by petitioner's Court appointed counsel, the original petition was filed pro se in forma pauperis and that the broadest and most favorable interpretation must therefore be given to said petition. Consequently, we will not dismiss the case based on petitioner's failure to comply with Title 48, United States Code, Section 864, with Rule 6 and Rule 8(B), (D) and (E) of this Court or with Rule 4 of the

Federal Rules of Civil Procedure. We see no purpose in requiring petitioner's appointed counsel to file a new petition merely to correct the procedural defects when the custodian of the institution where petitioner is confined has been served with copy of the petition, as has the Attorney General of the Commonwealth of Puerto Rico, and attorneys for respondent have not restricted themselves to a special appearance for purposes of challenging jurisdiction of the Court to entertain the case because of petitioner's non-compliance with required procedures, but rather, have extensively argued against the merits of the petition in their motion to dismiss. We will therefore in our discretion consider this petition as a properly filed Habeas Corpus petition which has been properly opposed and which stands ready for a decision by this Court at the present time.

■ Turning first to the question of exhaustion of remedies in the Commonwealth Courts we hold that petitioner effectively exhausted his remedies once the Supreme Court of Puerto Rico denied his motion for bail on appeal. We see no purpose for petitioner to present his Federal constitutional claim to the Supreme Court of Puerto Rico, in accordance with *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) and our decisions in *Maldonado v. Delgado*, supra, and *Rivera v. Concepcion*, supra, in view of the decision rendered by the Supreme Court of Puerto Rico in *Perez Aldarondo v. Tribunal Superior*, Case Number O–73–123 decided on February 12, 1974, reference number CA–17 (1974) of the Bar Association's advanced publication service of the Puerto Rico Supreme Court opinions.

In said opinion, the Supreme Court of Puerto Rico decided the legal issue involved in this case and at length and very cogently gave a definitive ruling on denial of bail pending appeal. At the same time the Court laid down the requirements that a denial of bail by a sentencing tribunal must comply with in order that it be considered a proper denial. These requirements are that the sentencing tribunal hold a hearing upon receiving a petition for bail on appeal, that

it issue a written ruling on the motion without delay and that said ruling be explicit and include both findings of fact with respect to the evidence presented at the hearing as well as the basis in law to deny bail on appeal. However, these requirements, which were given prospective application, apply only to the Court which rules on the motion in the first instance, they do not bind the Supreme Court when it rules on an appeal of bail denial. In the words of Judge Irizarry Yunque in *Perez Aldarondo*, supra, at page 22 of the opinion, "This Court is not bound to give in all cases the reasons for its rulings. It does so in those cases which do merit such treatment. It is not bound to do it and will not do it in those matters that by reason of their frivolous nature and lack of merit do not justify the expenditure of time and effort that can better be devoted to those fundamental matters of normative importance which demand the whole of its creative energy." (translation ours).

Further, the Supreme Court made clear in its opinion that no right to bail on appeal is guaranteed by the Constitution of the Commonwealth of Puerto Rico, which in its Article II, Section 11, only guarantees freedom on bail until conviction, and that bail on appeal is available subject to the limitations embodied in Rule 198 of the Rules of Criminal Procedure of Puerto Rico, which Rule establishes under which circumstances there exists a right to bail on appeal and under which circumstances said bail remains at the discretion of the Court. It further made clear that in Puerto Rico it is presumed that courts act honorably, responsibly and in accordance with the law, and that the burden of proof lies upon any one alleging that a court has acted arbitrarily. Finally, addressing itself to the presumption of arbitrariness on the part of courts established in *United States ex rel. Keating v. Bensinger*, 322 F.Supp. 784 (N.D.Ill.1971), the Supreme Court of Puerto Rico made abundantly clear that such a presumption will not be applied in Puerto Rico.

In accordance with *Perez Aldarondo*, supra, there is clearly no reason to expect that

a due process claim based on the Supreme Court's failure to give reasons for its denial of petitioner's motion for bail on appeal would be entertained by the Supreme Court of Puerto Rico. We hold therefore that petitioner Roberto Natal has indeed effectively exhausted all legal remedies in the Commonwealth courts as any further effort therein would be a futile exercise.

Addressing ourselves thus finally to the merits of the petition, we find however that we must dismiss the petition. Our prior decisions on *Maldonado v. Delgado*, supra, and *Rivera v. Concepcion*, supra, held that arbitrary denial of bail on appeal violated the Federal Constitution and that a denial of bail on appeal is arbitrary when the Court does not accompany findings in support of its denial. These two opinions were based on *United States ex rel. Keating v. Bensinger*, supra, a case on which we can no longer rely for it has been overruled in its own Circuit.

In *United States ex rel. Kane v. Bensinger*, 359 F.Supp. 181 (N.D.Illinois, E.D.1972), the Court refused to follow the doctrine of arbitrariness of *Keating v. Bensinger*, supra, pointing out that there is no absolute constitutional right to bail and that a mere failure to provide supporting reasons for the denial of bail, particularly in the post-conviction setting, does not of itself create a presumption of arbitrariness. The Court, citing *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), stated that on the contrary, it has generally been assumed that court judgments carry a "presumption of regularity" when attacked collaterally through the habeas corpus remedy. Further, the Court held that since granting of bail on appeal is purely discretionary under Illinois law, the conviction and the trial record should stand as the court's reasons for denying bail pending appeal, in the absence of any stated reasons for such denial. In short, the Court held at page 184, that in habeas corpus cases "the burden . . . should rest on the convicted defendant to show that the state court has acted in an arbitrary fashion and that a "presumption of regularity" should attend

all decisions of the state courts and not only those accompanied by oral or written explanations." (emphasis in original).

This case, together with *United States ex rel. Walker v. Twomey*, 71 C 255 (N.D.Ill. Nov. 29, 1971), which held identically, was appealed and the Court of Appeals affirmed, *United States ex rel. Walker v. Twomey*, 484 F.2d 874 (7 Cir. 1973), thus overruling *Keating v. Bensinger* in the process of resolving the problem of conflicting views as to which is the correct rule to apply where persons convicted of crime in a state court are denied bail pending appeal. In its decision, the Court stated at page 876: "The fact that articulation by a state court of its reasons for denial of release on bail would usually make it easier for a Federal court, considering a petition for habeas corpus, to decide whether the denial could be said to have a rational basis, does not authorize Federal courts to impose that procedural requirement on state courts." Further, the Court made clear that although there is a strong Federal judicial policy in favor of release on bail pending appeal unless the appeal appears to be frivolous or dilatory, it does not necessarily follow that such Federal judicial policy is an exact measure of a right with respect to bail on appeal, protected against state action by the Fourteenth Amendment.

Considering that the case in which our decision in *Maldonado v. Delgado*, supra, was based, has been expressly overruled and is no longer law in the Seventh Circuit and that as stated in *Rivera v. Concepcion*, 469 F.2d 17 (1 Cir. 1972), at least one member of the Court of Appeals for the First Circuit had doubts as to the correctness of *Bensinger*, supra, even when it was still law in the Seventh Circuit, we hereby adopt the rule that a presumption of regularity will attend all the decisions of the courts of the Commonwealth of Puerto Rico when subject to collateral attack through a petition of habeas corpus and that the burden will rest on the convicted petitioner to show that the state court has acted in an arbitrary fashion in denying his petition for bail in violation of the guidelines estab-

lished by the Supreme Court of the Commonwealth of Puerto Rico in *Perez Aldarondo v. Tribunal Superior*, supra. Consequently, we hereby dismiss the present petition.

IT IS SO ORDERED.